Edgar K. OAKS, Appellant,

v.

Peter W. ROJCEWICZ, Appellee.

No. 580.

Supreme Court of Alaska.

Jan. 17, 1966.

W. C. Arnold, George T. Yates, Anchorage, for appellant.

Neil S. Mackay, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

The primary issue in this appeal is whether the trial court properly dismissed appellant's third party claim. Cardinal to the resolution of this question is the proper construction of Civ.R. 37(b) (2) [c], which authorizes the imposition of sanctions when a party has refused to "make discovery."

Civ.R. 37(b) (2) [c] provides:

*Refusal to Make Discovery—Consequences.*

\* \* \* \* \* \*

(b) *Failure to Comply With Order.*

\* \* \* \* \* \*

(2) *Other Consequences.* If a party \* \* \* refuses to obey an order \* \* \* made under Rule 34 to produce any document or other thing for inspection, copying or photographing \* \* \* *the court may make such orders in regard to the refusal as are just, and* among others the following:

\* \* \* \* \* \*

[c] An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; \* \* \*. (Emphasis supplied.)

In the case at bar, the lower court, acting pursuant to Civ.R. 37(b) (2) [c], struck appellant's third party complaint and dismissed, without prejudice, appellant's third party claim against appellee.[1]

1. The court's order of December 17, 1964, reads in part:

ORDERED that the 3rd Party Plaintiff's complaint against the 3rd Party Defendant is hereby stricken and all pleadings filed herein by the 3rd Party Plaintiff subsequent to the filing of said complaint are also stricken; and further, it is

ORDERED that the cause of action filed by the 3rd Party Plaintiff against the 3rd Party Defendant and pursuant to the 3rd Party Defendant's motion is hereby dismissed, without prejudice.

The December 17, 1964, order recites that the pleadings were struck and the claim dismissed because the

> * * * 3rd party plaintiff has not complied with the court order previously filed herein wherein he was ordered to produce certain tax returns. * * *

In our view the record must establish a willful refusal on the part of a party ordered to make discovery before the court is authorized to dismiss the party's claim under Civ.R. 37(b) (2) [c]. We are of the opinion that the record does not disclose a willful failure on the part of appellant to comply with the trial court's order to produce certain income tax returns, and that therefore the court erred in striking and dismissing appellant's third party claim against appellee.

This is not the first instance in which aspects of the case have been before the court. The matter was initially before us for decision in Oaks v. Grocers Wholesale, Inc.[2] On that occasion we reversed an order denying Oaks' motion to set aside a $20,000.00 default judgment that Grocers Wholesale, Inc. had obtained against Oaks and remanded with directions to set aside the default judgment.[3]

Subsequent to our remand, Grocers Wholesale, Inc. filed an amended complaint and thereafter, on November 13, 1963, was granted summary judgment against Oaks in the approximae amount of $25,000.00.[4]

After Grocers Wholesale, Inc. had filed its amended complaint, appellant made a motion for, and was granted leave on April 19, 1963, to bring in appellee Peter W. Rojcewicz as a third party defendant.[5] Issue was then joined under appellant's third party complaint [6] and a pre-trial conference held on December 17, 1963. This brings us to the posture of the proceedings below which eventually were to lead to the court's striking and dismissing appellant's third party claim.

On June 30, 1964, appellee moved, pursuant to Civ.R. 34, for an order which would require appellant to: [7]

1. Produce all Federal tax returns from the years 1955 to and including 1963, which shall include all personal

2. 377 P.2d 1001 (Alaska 1963).

3. The basis for our holding in that appeal was that the default judgment was rendered in violation of Civ.R. 54(c), in that the money judgment granted differed in kind from the relief prayed for. See Oaks v. Grocers Wholesale, Inc., supra note 2, at 1003.

4. This sum included $15,982.63 as principal, $7,191.90 for interest, and $2,-133.96 attorneys' fee, all of which bears interest at the rate of eight per cent per annum.

5. In his third party complaint appellant alleged, in part, that appellee Rojcewicz had orally agreed to pay the balance due on a note and mortgage owing by the Alert Vending Machine Company to Grocers Wholesale, Inc. in consideration of appellant's transfer of all of the assets of Alert Vending to appellee. This was the same indebtedness and security upon which Grocers Wholesale, Inc. obtained summary judgment against appellant.

6. In appellee's answer to the third party complaint he asserted the affirmative defenses of statute of frauds; failure of consideration; laches; lack of clean hands; fraud; mistake and release. In addition to these affirmative defenses, appellee counterclaimed against appellant for $50,000.000 exemplary and compensatory damages for alleged malicious prosecution.

7. Civ.R. 34 provides where relevant that:
   *Discovery and Production of Documents and Things for Inspection, Copying, or Photographing.*
   Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may—
   (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control; * * *.

said returns, together with all returns filed for and in his behalf forwhich [sic] he had an interest in, either directly or indirectly, as to partnerships, and corporations.

2. Same request is made as to number 1 last stated, but as to tax returns filed with the then Territory of Alaska and the now State of Alaska.[8]

On August 10, 1964, this motion came before the court. After hearing statements from the parties' counsel the court granted the motion. The court ordered appellant to produce within thirty days his federal and state income tax returns from 1955 to 1960.[9] At the hearing on this motion to produce, George T. Yates, counsel for appellant, stated in part that he had explained to appellee's counsel that

Mr. Oaks had suffered a fire and it may possibly be that, in good faith, he cannot produce any of these returns because they were burned up in the fire * * * if he has them, we will make them available.[10]

Thereafter, on September 11, 1964, appellee moved to strike all of appellant's pleadings and to have appellant's third party complaint dismissed with prejudice due to appellant's failure to comply with the August 11, 1964, production order.[11] Counsel for appellee, in an affidavit filed in support of the motion to strike and dismiss, stated that he had only received appellant's federal and state tax returns for the years 1962 and 1963.[12] By order dated September 18, 1964, the court struck all of appellant's pleadings and dismissed his third party claim with prejudice.[13]

On September 23, 1964, appellant filed a motion to have this third party complaint reinstated.[14] By Minute Order dated October 2, 1964, the court granted appellant's motion for reinstatement. On the same day

8. At the August 10th hearing counsel for appellant modified the motion so that the returns for the period 1955 to 1960 were sought instead of returns for the period 1955 to 1963. On July 6, 1964, appellant made a similar motion for production of income tax returns of appellee.

9. The court's order of August 11, 1964, read in part:
ORDERED, that the Third Party Plaintiff, EDGAR K. OAKS, produce all Federal tax returns, State of Alaska tax returns, and the then Territory of Alaska tax returns, from the years 1955 to 1960, inclusive, which shall include all personal tax returns together with all returns filed for and in his behalf in which he had an interest, either directly or indirectly, as to partnerships or corporations.
IT IS FURTHER ORDERED that the said tax returns shall be delivered to the Clerk of this Court not less than thirty (30) days from the signing of this order; and that the attorney for the Third Party Defendant, namely, Neil S. Mackay, shall have the right of inspection and the making of copies thereof.

10. At the hearing Mr. Mackay, counsel for appellee, offered to furnish Mr. Yates with an address in Tacoma, Washington, of the Bureau of Internal Revenue in order to enable Mr. Yates to obtain certified copies of the federal returns in question. On the same day as the hearing, appellee's counsel mailed this information to appellant's counsel.

11. Appellee moved pursuant to Civ.R. 37 (b) (2) [c], supra page 839.

12. In a "Reply" to this first motion to strike and dismiss, Mr. Yates, counsel for appellant, stated:
* * * through an unintentional oversight, the tax returns in the possession of George T. Yates, were not delivered to Mr. MacKay and the same have been now submitted to Mr. MacKay for his inspection.

13. At the time the motion came before the court, Judge Gilbert stated:
* * * I'll grant that motion. There is no timely opposition filed in this case. There's something filed on the 17th but according to the rule, it's supposed to be a couple of days before. The court's September 18, 1964, formal order of dismissal read in part:
The court has reviewed the file and there being no timely objection filed to the motion filed herein by the 3rd Party Defendant, * * *.

14. The basis of the motion was Mr. Yates' affidavit to the effect that he didn't think counsel for appellant was seriously pursuing the motion to dismiss.

appellee filed his second motion to strike all of appellant's pleadings. Again, as was the case with appellee's initial motion, the basis for requesting this relief was appellant's failure to produce the tax returns which were ordered on August 11, 1964.[15] On December 3, 1964, the court denied appellee's motion to strike.

This brings us to the final stage in regard to the order to produce. On December 12, 1964, appellee moved for the third time to dismiss with prejudice appellant's third party complaint.[16] In opposition to this third motion, appellant contended that nothing new was alleged in this motion since the court's denial of appellee's second motion on December 3, 1964. Counsel for appellant also asserted that

> Edgar K. Oaks * * * has fully complied with the request of Peter W. Rojcewicz as the court file will disclose that all possible federal income tax returns for the years 1955 through 1960

have been filed with the court and delivered to Peter W. Rojcewicz.[17]

The motion came before the court on December 17, 1964, at which time appellant's counsel argued in part:

> We can't give to Mr. Mackay what doesn't exist. * * * Now if he will pay costs, I'll do the same thing for the State returns. But we've made every effort to comply and we give him everything we have.[18]

At the conclusion of oral argument, the lower court granted appellee's motion,[19] struck appellant's pleadings, and dismissed without prejudice appellant's third party claim.[20] It is from this order of December 17, 1964, that appellant brings this appeal.[21]

As indicated at the outset, we are of the opinion that Civ.R. 37(b) (2) [c] should be construed as authorizing dismissals of claims or proceedings only when it is established that the party's noncompliance with

15. In the opposition to this second motion, Mr. Yates stated that he had requested "Internal Revenue to submit the appropriate forms so that I might advise my client to fill them out and submit them to Internal Revenue in order that he might get duplicate tax returns." Mr. Yates also asserted that the delay was not caused by appellant but was due to "his attorney as his attorney was and still is under the impression that Mr. Mackay was agreeable to permit these returns to be filed in due course." Counsel for appellant also (for the first time) insisted that either appellee should pay, or post bond for payment of, the necessary fee required to obtain certified copies of appellant's federal tax returns.

16. In support of this third motion, it was asserted by counsel for appellee that the only tax returns that had been filed by appellant pursuant to the court's order were federal tax returns for 1955, 1957, 1958 and 1960.

17. Note: No mention was made of the order's requirement to produce territorial and State of Alaska tax returns for the years in question.

18. Appellee's counsel in opposition pointed out that only four federal tax returns had been furnished under the production order and that as of the time of hearing (December 7, 1964) no state tax returns had been produced by appellant.

19. At the time the court stated: "Motion granted. The case is dismissed without prejudice." A formal order was entered later the same day, supra note 1. The formal order recited in part:

> The Court has reviewed the file and there being no timely objection filed to the motion filed herein by the 3rd Party Defendant. * * *

20. At this same time (December 17, 1964) appellee filed a Notice of Dismissal of his "counterclaim and cross-complaint" pursuant to Civ.R. 41(c). On January 13, 1965, appellant filed a motion for reconsideration of the court's December 17, 1964, order striking and dismissing appellant's third party claim. Since Judge Gilbert was then absent from the Anchorage area the motion for reconsideration was not determined prior to appellant's filing a notice of appeal on January 16, 1965.

21. Appellant contends that the effect of the dismissal entered by the court was the same as a dismissal with prejudice since his third party cause of action was then barred by the statute of limitations. Appellant makes this assertion on the basis that his third party cause of action arose out of an oral agreement entered into in March of 1957.

a production order is willful. In reaching this conclusion we adhere to the views expressed by the Supreme Court of the United States in Societe Internationale, etc. v. Rogers.[22] In that case the Supreme Court had occasion to construe Fed.R.Civ.P. 37(b)(2)(iii), which rule was the source of our Civ.R. 37(b)(2)[c]. Mr. Justice Harlan, in speaking for the Court, wrote:

> The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, and Hammond Packing Co. v. State of Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530. [15 Ann.Cas. 645] These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.

> \*   \*   \*   \*   \*   \*

> These two decisions leave open the question whether Fifth Amendment due process is violated by the striking of a complaint because of a plaintiff's inability, despite good-faith efforts, to comply with a pretrial production order. The presumption utilized by the Court in the Hammond Case might well falter under such circumstances. CF.

Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519.[23]

Mr. Justice Harlan concluded that:

> In view of the findings in this case, the position in which petitioner stands in this litigation, and the serious constitutional questions we have noted, we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.[24]

Since its rendition, Societe Internationale, etc. v. Rogers has been viewed as requiring a willful failure to comply with a production order before a dismissal is authorized under Fed.R.Civ.P. 37.[25] In 2A Barron & Holtzoff, Federal Practice and Procedure § 853, at 543 (rules ed. Wright rev. 1961), the authors state:

> For purposes of Rule 37(b)(2), a party 'refuses to obey' a discovery order merely by failing to comply with it, whether or not the failure be willful. But the Supreme Court has held that where the failure to comply is because of inability to do so, rather than because of willfulness, bad faith, or any fault of the party, the action should not be dismissed and less drastic sanctions provided by the rule should be invoked.[26]

22. 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

23. Id. at 209, 210, 78 S.Ct. at 1094, 2 L.Ed.2d at 1265, 1266.

24. Id. at 212, 78 S.Ct. at 1096, 2 L.Ed.2d at 1267.

25. See Developments In The Law—Discovery, 74 Harv.L.Rev. 940, 990 (1961), where it is stated in regard to the Societe Internationale case that:
   Thus, although the Court in form avoided the resolution of the due process question, the construction it placed on rule 37(b) clearly indicates that a dismissal of the complaint or a default

judgment for failure to comply with a discovery order would be improper unless the circumstances of the noncompliance afford a reasonable basis to presume an admission of want of merit in the claim or defense. As a practical matter, such a reasonable basis would doubtless be found not to exist whenever disobedience of the order was shown not to have been willful.

26. In addition to citing Societe Internationale, etc. v. Rogers, supra note 22, the following authorities are cited by authors in support of the text: Independent Prods. Corp. v. Loew's, Inc., 283 F.2d 730, 733 (2d Cir. 1960); Syracuse

The authors further state that:

[U]nder the rule the court is to make 'such orders in regard to the refusal as are just,' with the most drastic sanctions reserved for flagrant cases. * * *

Indeed the courts have taken so seriously the admonition of the rule that they are to impose only such sanctions as are just that they have been accused of overleniency by a few commentators. Yet it seems especially fitting that courts should make the punishment fit the crime and should not impose a drastic sanction, which will prevent adjudication of a case on its merits, except on the clearest showing that such a course is required.[27]

Civ.R. 37(b) provides a variety of potential sanctions to enable the trial court to enforce its discovery orders. The rule also invests the trial judge with discretion as to the choice of sanction in a given situation. Yet if we "are convinced that the court below has exceeded a proper discretion in that the order imposed was too strict or was unnecessary under the circumstances, we would be remiss in our duties if we did not set that order aside."[28]

In our opinion the record fails to establish a willful refusal on appellant's part to comply with the lower court's production order of August 11, 1964.[29] Lacking this element of willful noncompliance, the lower court was not authorized under Civ.R. 37(b) (2) [c] to dismiss appellant's third party claim.

Inherent in the foregoing is our conclusion that appellee's motion to dismiss the appeal should be denied.

■ Appellee contends that the appeal is untimely. The record shows that the order striking appellant's pleading and dismissing the third party claim was entered on December 17, 1964, and that notice of appeal was filed on the thirtieth day—January 16, 1965. Under Supreme Ct.R. 7(a) appellant had thirty days within which to appeal from the order of December 17, 1964. Therefore, the appeal was timely.

■ Appellant further argues that the December 17, 1964, order is not a final order within the provisions of Supreme Ct.R. 6. In view of the possible impact of the statute of limitations in regard to the dismissal of appellant's third party claim, we have concluded that the order of dismissal of December 17, 1964, is a final order within the scope of Supreme Ct.R. 6. See AS 09.10.050 and AS 09.10.240. See also Developments In The Law—Discovery, 74 Harv. L.Rev., supra 25, at 992; Societe Internationale, etc. v. Rogers, supra note 22; United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077, 1080 (1958) ; United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n. 1, 69 S.Ct. 824,

---

Broadcasting Corp. v. Newhouse, 271 F. 2d 910, 914 (2d Cir. 1959). See also Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Colum.L.Rev. 480, 492 (1958). Compare Hinson v. Michigan Mut. Liab. Co., 275 F.2d 537, 539 (5th Cir. 1960).

27. 2A Barron & Holtzoff, supra § 853, at 543–45. See also Waterman, An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed For the Purpose of Insuring Compliance With Pretrial Orders, 29 F.R.D. 420, 425 (1961), where Judge Waterman writes: I suggest that appellate judges believe that a district judge should approach with hesitation the use by him of dismissal sanctions. Where an alternative, less drastic, sanction would be just as effective it should be utilized.

See also Wright, Discovery, 35 F.R.D. 39, § 90, at 94–98 (1964).

28. This language is taken, and adopted by us as appropriate, from Syracuse Broadcasting Corp. v. Newhouse, supra note 26, 271 F.2d at 915. See also Lyford v. Carter, 274 F.2d 815, 816 (2d Cir. 1960) ; Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957).

29. In reaching this conclusion we do not condone or desire the superior court to condone, the conduct of both appellant and his attorney in regard to the August 11, 1964, production order which is, at best, equivocal. Upon remand of this cause, the superior court has available to it other sanctions under Civ.R. 37(b). See 2B Barron & Holtzoff, Federal Practice and Procedure § 917 (Supp. 1964, at 31).

93 L.Ed. 1042, 1044–1047 (1940); Fischback & Moore of Alaska, Inc. v. Lynn, 407 P.2d 174, 175–176 (Alaska 1965).

The order of the superior court striking all of appellant's pleadings and dismissing appellant's complaint is reversed and the case is remanded to the superior court for further proceedings in conformity with this opinion.