**Franz FROELICHER, Appellant,**

v.

**Norma HADLEY and Herbert Hadley, Appellees.**

**No. 891.**

Supreme Court of Alaska.

June 10, 1968.

---

1. 203 Cal. 703, 265 P. 914 (1928).

George N. Hayes, of Delaney, Wiles, Moore & Hayes, Anchorage, for appellant.

Clyde C. Houston, Anchorage, for appellees.

Before NESBITT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

Appellees sued appellant for $190,000 damages allegedly suffered as a result of a fall down some stairs. The jury returned a verdict in favor of appellees for slightly in excess of $6,000.

Under the schedule contained in Civil Rule 82(a) [1] attorney's fees on a $6,000 recovery would have amounted to $1,350. The court awarded attorney's fees of $2,500, utilizing that portion of Civil Rule 82(a) which provides as follows:

> (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award

---

1. Civ.R. 82(a) (1) provides in part as follows:

Unless the court, in is discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

| | | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $ 2,000 | 25% | 20% | 15% |
| Next | $ 3,000 | 20% | 15% | 12.5% |
| Next | $ 5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

a fee commensurate with the amount and value of legal services rendered.

Appellant claims that in awarding attorney's fees in an amount more than the schedule provided for, the court abused its discretion.

In Patrick v. Sedwick [2] we said:

[W]hen a party recovers a money judgment in contested litigation the trial judge should indicate on the record his reasons for nonadherence to the fee schedule set forth in Civ.R. 82(a) in determining his award of attorney's fees.

The trial judge did just that in this case. He made express written findings to the effect that scheduled attorney's fees of $1,350 were insufficient where appellees were forced to litigate all matters of liability and damages against stiff opposition and attack, that matters of fact and law presented were complicated and difficult in presentation, that the jury might have found substantially in excess of the verdict it actually reached and may not have done so because this was a case of an aggravation of a pre-existing injury, that appellees' counsel nevertheless had as much work to do and did it as thoroughly in recovering the $6,000 verdict as he would have done had the jury returned a verdict of ten times that value, that appellees' counsel had been engaged in the preparation of this action for more than 2½ years, had made many attempts for adjustment and settlement of the case, had attended and secured representation at several pretrial hearings, and had prepared and successfully prosecuted a jury trial lasting five days.[3] The judge then concluded that $2,500 was a fee commensurate with the amount and value of legal services rendered by appellees' counsel.

We find no abuse of discretion. There is a rational connection between the facts considered by the trial judge and his conclusion that the amount of the money judgment was not an accurate criteria for determination of the amount of attorney's fees to be awarded appellees, and that a fee of $2,500 was commensurate with the amount and value of legal services rendered by appellees' counsel. In light of the reasons given by the judge for his determination of attorney's fees, it cannot be said that he acted arbitrarily. The only fair conclusion is that he reached a result that did not exceed the bounds of reason. It would be necessary to show that what he did was manifestly unreasonable before there would be a case of abuse of discretion.

Appellant refers to the case of Preferred Gen. Agency of Alaska, Inc. v. Raffetto [4] where we said that Civil Rule 82 "was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified." Appellant suggests that the trial judge violated this admonition in two ways.

First, it is contended that the judge awarded $2,500 in attorney's fees as a punishment for appellant not settling the case with appellees. This is not borne out by the record. It is true that appellees' counsel, in his affidavit in support of a motion to set attorney's fees, did mention his inability to reach a settlement. But appellees give a logical explanation for this, i. e., to show why the suit was not filed for ten months after counsel had been retained. And no mention of the failure to reach a settlement was made by the judge in his oral statement from the bench or in his written findings of fact with respect to the award of attorney's fees.

Secondly, with reference to the judge's statement from the bench that the

---

2. 413 P.2d 169, 179 (Alaska 1966).

3. Appellant points out that the trial lasted 4½ rather than five days.

4. 391 P.2d 951, 954 (Alaska 1964).

jury's verdict was "meager", appellant contends that the judge used the attorney's fees award to enhance what he considered to be inadequate damages. We disagree. What the judge said as to the meagerness of the verdict is entirely consistent with what well may have been his view that the jury award of damages, since it was determinative of what the attorney's fees would be under the schedule in the rule, was too small to be an accurate criteria for measuring attorney's fees.

The order awarding attorney's fees to appellees is affirmed.