**AMERICAN SERVICE, INC., Appellant,**

v.

**TUNDRA INVESTMENT CO., Inc., Miners and Merchants Bank of Alaska, and Alaska State Development Corporation, Appellees.**

**No. 1110.**

Supreme Court of Alaska.

Aug. 7, 1970.

Peter B. Walton, Boyko & Walton, Anchorage, for appellant.

B. Richard Edwards, Asst. Atty. Gen., G. Kent Edwards, Atty. Gen., Juneau, for appellee Alaska State Development Corp.

Before DIMOND, RABINOWITZ, and CONNOR, Justices, and STEWART and TAYLOR, Superior Court Judges.

PER CURIAM.

Appellant American Service, Inc., asks us to reverse the lower court's award of attorney's fees for inadequacy. This appeal stems from a mechanics' lien foreclosure action which was instituted against Tundra Investment. The trial court held that American Service was entitled to judgment in the amount of $39,912.24, plus interest, or $45,699.48 against Tundra Investment, a lien on the latter's property superior to that of all parties except City Electric, and foreclosure. American Service moved for award of a $13,617.69 attorney's fee.[1] Counsel for American Service claimed the litigation required 5 trips to Nome, many weeks of trial which encompassed 20 full days of counsel's time and

---

14. *Cf.* American Serv., Inc. v. Tundra Inv. Co., Inc., 473 P.2d 614 (Alaska 1970).

1. In support of the motion, counsel for American Service asserted that the litigation had been "complex and arduous," entirely successful, with a "horrendous" cost because of "active and aggressive opposition."

some additional hours. In accordance with his regular billing rate less ten per cent, counsel for American Service sought an attorney's fee award of $12,510, plus $1,107.69 expenses.[2] This claim for $13,617.69 was made pursuant to Civil Rule 82(a).[3] The trial court followed the Civil Rule 82(a) (1) schedule in fixing American Service's attorney's fees at $5,419.95, considered this sum "not capriciously or arbitrarily low or high," and viewed this sum as partial compensation to American Service for the costs to which it had been put in the case at bar.

We hold that the trial court abused its discretion in awarding an attorney's fee of $5,419.95 to American Service against Tundra Investment. Civil Rule 82(a) (2) provides that:

In actions where the money judgment is not an accurate criteria [sic] for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

On this record we have concluded that the $45,699.48 money judgment was not an accurate criterion for determination of the amount of attorney's fees to be awarded to American Service. The trial court's adherence to the Civil Rule 82(a) (1) schedule in the circumstances of this case deprived American Service of a reasonable award of attorney's fees commensurate with the amount and value of the legal services rendered, so constituted an abuse of discretion.[4]

The case is remanded to the superior court with directions to redetermine its award of attorney's fees to American Service against Tundra Investment. We find no abuse of discretion in regard to the trial court's decision refusing to award American Service attorney's fees against either the Miners and Merchants Bank of Alaska or the Alaska State Development Corporation.

2. At the hearing which was held on the issue of attorney's fees, counsel for American Service claimed that he had devoted 20 entire days, mostly in Nome, plus 79 hours to the case. It was also contended that an associate devoted 40 hours to research. Counsel for American Service stated that his customary billing rate was $40 per hour, or $350 per day for out-of-town services, and that he billed for his associate's time at the rate of $30 per hour.
  Counsel for Alaska State Development conceded American Service's attorney's statement as to the nature and length of the legal services which were rendered.

3. Civ.R. 82(a) provides:
  (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

|  |  | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

  Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.
  (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.
  (3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between attorney and client.

4. Froelicher v. Hadley, 442 P.2d 51, 53 (Alaska 1968); *compare* Connelly v. Peede, 459 P.2d 362 (Alaska 1969).