Victor HART, Appellant,

v.

Rodney WOLFF, Appellee.

Rodney WOLFF, Appellant,

v.

Victor HART, Appellee.

Nos. 1324, 1331.

Supreme Court of Alaska.

Sept. 27, 1971.

sions Wolff had made statements defaming Hart. The statements concerned an alleged misappropriation of funds by Hart in the formation of Arctic Bowl, Inc., an Alaska corporation which Hart and Wolff, along with others, had organized in 1958 to operate a bowling alley in Fairbanks.

Wolff was vice-president of the corporation from 1958 until September 1959, when Metropolitan Mortgage and Securities Co., Inc., a Washington corporation, purchased a controlling interest in Arctic Bowl, Inc. Following this change in corporate control, Wolff ceased to be vice-president of the corporation. Hart, who had served as president in 1958 and 1959, remained with the corporation as manager of the bowling alley.[1]

In December of 1964, Wolff filed a Motion for Inspection and Copying of Corporate Records. The motion was made pursuant to Rule 34 of the Alaska Rules of Civil Procedure.[2] It asked that plaintiff be ordered to produce for inspection all the minute books, the stock register, and any minutes of meetings showing the vote for the election of directors and officers of Arctic Bowl, Inc., from the date of its inception. Wolff apparently hoped that the records would tend to prove the truth of the alleged defamatory statements.

Wolff alleged in his motion that Hart was the president and general manager of Arctic Bowl, Inc., and that Hart's attorney, Mr. Eugene Miller, as registered agent in Alaska for Arctic Bowl, Inc., had possession of the corporation's records. In opposition to the motion, Hart denied that he was president of the corporation. The opposition memorandum also indicated that

Eugene V. Miller and Thomas F. Keever, Miller & Keever, Fairbanks, for Hart.

Robert F. Martin and Warren Taylor, Fairbanks, for Wolff.

Before BONEY, C. J., and DIMOND, RABINOWITZ and CONNOR, JJ.

CONNOR, Justice.

Plaintiff Victor Hart has appealed from the dismissal of his complaint for failure to comply with an order to produce certain documents for defendant's inspection. Defendant Rodney Wolff has cross-appealed from the superior court's award to him of a nominal attorney's fee.

On December 12, 1963, Hart filed suit against Wolff alleging that on two occa-

1. Wolff apparently believed that the takeover by Metropolitan and his ouster as vice-president were part of a concerted effort by Hart and Metropolitan to freeze him out of the corporation.

2. Civil Rule 34 provides in part: "Upon motion of any party showing good cause therefor and upon notice to all other parties, * * * the court * * * may—

"(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, or any designated documents, papers, books, accounts * * * not privileged * * * and which are in his possession, custody or control."

Mr. Eugene Miller was not a party to the action and therefore could not be ordered to produce books and records belonging to another of his clients.

On January 5, 1966, the court ordered plaintiff to produce what records he had pertaining to the lawsuit and coming within the scope of defendant's motion to inspect. The records apparently were not produced, and Wolff filed a motion on May 20, 1966, asking the court to order Hart to comply with the January 5, 1966, order. This motion was never heard or acted upon by the court.

During 1967 and 1968, the case was set for trial and continued several times. In February of 1969, Wolff renewed his motion to produce for inspection the corporate records of Arctic Bowl, Inc. This motion, along with several others, was heard December 4, 1969.[3] The court ordered plaintiff to "produce all books and records of Arctic Bowl Inc. * * * within thirty days from the date of this order unless good cause be shown why said books cannot be produced within the time stated." The order was dated December 15, 1969.

On February 3, 1970, defendant moved to strike plaintiff's complaint for failure to make discovery, based on the affidavit of defendant's attorney that plaintiff had failed to comply with the court's order.[4] Plaintiff Hart filed an affidavit prior to the hearing on the motion, stating that none of the records of Arctic Bowl, Inc., were in his "presence," and that he was informed and believed that Metropolitan Mortgage had already produced the records for defendant's inspection. Hart also stated in the affidavit that he had no control over Metropolitan to force production of the records.

Hart testified at the hearing on the motion that he managed the bowling alley and building for Arctic Bowl, Inc., but was not an officer of the corporation. He stated that in addition to managing the bowling alley for Metropolitan Mortgage, he also handled the purchase of contracts and mortgages for Metropolitan in the Fairbanks area. There was no testimony from Hart nor any other evidence offered on the matter of Wolff's having already inspected the records.

On cross-examination Hart testified that in the past when the records had been requested, he had told Metropolitan about it. He stated that he had no control over Metropolitan, but that he imagined he had some influence over Metropolitan's actions with regard to Arctic Bowl, Inc. Wolff's attorney asked Hart if he had requested Metropolitan to send the records to Fairbanks or made any efforts to produce the records within the preceding thirty to forty-five days. Hart stated that he had not.

The court granted the motion to strike plaintiff's complaint, and dismissed the suit without prejudice, stating that plaintiff had made no efforts to produce the records pursuant to the court's production order. Wolff's counsel then asked that Wolff, as the prevailing party, be awarded attorney's fees. The court asked that counsel prepare a memorandum setting forth the time spent on the case.

Defendant thereafter filed a Motion for Award of Attorney's Fees, asking for fees

---

3. Among other things, defendant had moved the court to permit him to bring in Eugene Miller and C. Paul Sandifur as third party defendants. Mr. Sandifur was at that time president of Metropolitan Mortgage and was also an officer in Arctic Bowl, Inc. Wolff claimed that Miller, Sandifur and Hart were conspiring to harass, injure and annoy him. This motion was denied.

4. This motion was made pursuant to Rule 37(b) (2), Alaska Rules of Civ.Proc., which states in part:

"*Other Consequences.* If a party or an officer or managing agent of a party refuses to obey an order made under * * * Rule 34 to produce any document * * * for inspection * * * the court may make such orders in regard to the refusal as are just, and among others the following:

* * * * *

"[c] An order striking out pleadings or parts thereof * * * or dismissing the action or proceeding or any part thereof * * *."

in the amount of $23,225.00.[5] A memorandum filed in support of the motion stated that requests were sent to the seven attorneys who had represented defendant in this case, but that the responses were inadquate to compile an accurate total. Following a hearing, the court awarded defendant Wolff attorney's fees in the amount of $500.

### I

Hart argues on appeal that the superior court could not properly order the production of records of Arctic Bowl, Inc., under Civil Rule 34, because the records were not in the possession, custody, or control of a party to the pending action. It is true that an order issued pursuant to Civil Rule 34 may be directed only against a party having possession, custody or control of the records.[6] The order in question here was directed against Hart. Thus, the question which faces us is whether Hart had control over the records sought to be produced.[7]

A prima facie case of control is all that need be established to justify issuance of an order under Civil Rule 34. Norman v. Young, 422 F.2d 470 (10th Cir. 1970) (construing Rule 34, F.R.Civ.P., which was then nearly identical to Alaska's Civil Rule 34); 4 J. Moore, Federal Practice, § 34.17 at 34–96 to 34–101 (2d Ed. 1970). We believe that Wolff made a prima facie showing that Victor Hart had sufficient control over these records to justify the court's order of December 15, 1969.

The record in this case indicates that while Hart was no longer an officer of Arctic Bowl, Inc., at the time the motions to produce were made he was employed by that corporation in a position of authority and trust. Further, he was also employed during the same time by Metropolitan Mortgage, the controlling shareholder in Arctic Bowl, to handle Metropolitan's business affairs in Fairbanks.

This court in the past has favored liberal construction of the civil rules governing discovery. Miller v. Harpster, 392 P.2d 21, 23 (Alaska 1964); Security Industries, Inc. v. Fickus, 439 P.2d 172, 179 (Alaska 1968).[8] While Rule 34 certainly has proper limits, the concept of "control" should not be given a hypertechnical construction that will undermine the policy favoring liberal pretrial discovery. As the United States Supreme Court stated in Societe Internationale Pour Participations Industrielles Et Commerciales S.A. v. Rogers, 357 U.S. 197, 206, 78 S.Ct. 1087, 1092, 2 L.Ed.2d 1255 (1958):

"Rule 34 [F.R.Civ.P.] is sufficiently flexible to be adapted to the exigencies of particular litigation. The propriety of the use to which it is put depends upon the circumstances of a given case * *."

---

5. The $23,225.00 was taken from the fee schedule set out in Alaska Civil Rule 82, and is based upon plaintiff Hart's prayer of $300,000. For contested cases without trial, that schedule provides for attorney's fees in average cases as follows: 20% of the first $2,000; 15% of the next $3,000; 12.5% of the next $5,000; and 7.5% of any recovery over $10,000.

6. 8 C. Wright & A. Miller, Fed.Prac. & Procedure: Civil (1970) § 2208, at 614–15 (1970); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Jobson v. Henne, 35 F.R.D. 37 (D.C.N.Y. 1964); Quemos Theatre Co. v. Warner Bros. Pictures, 35 F.Supp. 949 (D.C.N.J. 1940).

7. Defendant Wolff has never claimed that Hart personally had possession or custody of the records.

8. The United States Supreme Court has also indicated that it favors liberal discovery rules in civil cases, stating as follows in Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947):

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." (Footnote omitted.)

Thus, though Hart may not have had the authority to *force* Metropolitan to produce the records for Wolff's inspection, we believe the nature of Hart's relationships with Arctic Bowl and with Metropolitan Mortgage were such that the court could infer that he had some influence over Metropolitan with respect to Arctic Bowl, Inc., and could have used that influence to produce the records. In fact, following the issuance of the production order, at the hearing on the motion to strike, Hart himself testified that he imagined he did have some influence over Metropolitan.

In opposition to defendant's motions to produce, Hart merely stated that he was not an officer or director of Arctic Bowl, Inc., and that he did not have the records in his possession, custody or control. At no time did he deny that he had a close employee-employer relationship with the corporation and with the corporation's major shareholder. We hold on this record that plaintiff failed to rebut the prima facie showing of control made by Wolff. The order to produce the records was, therefore, proper.

■ The next question is whether dismissal was a proper sanction for refusal to comply with the order to produce the documents.[9] First, it should be noted that application of Rule 37 sanctions against a party who has failed to make discovery is not proper unless the court finds that there has been a *"willful refusal* on the part of a party ordered to make discovery * * *." Oaks v. Rojcewicz, 409 P.2d 839, 840 (Alaska 1966) (emphasis added).

9. Rule 37(b) (2), Alaska Rules of Civ. Proc., permits the court to "make such orders in regard to the refusal as are just * * *."

10. Subsection [a] of Rule 37(b) (2) permits the court to make an order that the contents of the documents sought, the character or description of the thing, or any other designated facts shall be established for purposes of the action in accordance with the claim of the party obtaining the order.

11. In various affidavits, Wolff related that he had made several trips to Spokane and

■ In Bachner v. Pearson, 432 P.2d 525 (Alaska 1967), this court reviewed the propriety of the trial court's imposition of sanctions under Civil Rule 37(b) (2) [a],[10] in a products liability case where defendant had not produced an airplane muffler for plaintiff's inspection. We stated in that case:

"In determining whether a party's actions constitute a refusal to obey an order to produce and whether the sanction expressly provided by Rule 37(b) (2) [a] should be imposed, the superior court's discretionary authority is involved. We will reverse only if we are convinced that there has been an abuse of discretion." 432 P.2d, at 528.

Our review of the superior court's order of dismissal is, therefore, limited to inquiring whether the superior court abused its discretion in finding that plaintiff Hart willfully refused to comply with the court's order.

■ There is support in the record that plaintiff Victor Hart willfully refused to obey the December 15, 1969, order in that he himself testified that he made no efforts to produce the records of Arctic Bowl during the thirty days following that order. Nor did he make any satisfactory explanation to the court why they had not been produced. Further, the record contains indications that Wolff did not get fair treatment in his attempts to examine the corporation's records.[11] In these circumstances, we cannot say that the superior court abused its discretion in dismissing plaintiff's complaint. The order is affirmed.

to the offices of Metropolitan only to be told each time that the records had been sent to Fairbanks. Upon arriving in Fairbanks and asking Mr. Miller, Wolff stated that he was told the records were back in Spokane. While Howard Frissell, secretary of Metropolitan Mortgage, stated in an affidavit that Wolff had inspected the records in March 1967, that affidavit was not filed until after the court had already ordered the dismissal. The affidavit was filed in connection with plaintiff's opposition to defendant's motion for award of attorney's fees. Plaintiff did not ask the court to reconsider its order

## II

Defendant Wolff has appealed from the superior court's award to him of only a nominal attorney's fee, arguing that such an award was an abuse of discretion. Hart argues that any award of attorney's fees was improper on the ground that Wolff was not a "prevailing party" under Civil Rule 82.[12] Hart further maintains that, assuming *arguendo* that Wolff was a prevailing party, the award of $500 was proper.

■ In support of his argument that Wolff was not the prevailing party for purpose of awarding attorney's fees as costs, Hart cites the following language from Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1964):

> "* * * [A]nd it has been established by case law that the prevailing party *to a suit is the one who* successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered."

Hart's reliance on this case is misplaced, for in *Buza* we were not faced with the issue of whether a defendant is the prevailing party where the complaint has been dismissed without prejudice. In *Buza* there had been a determination on the merits. We hold that even though there had not been a final determination on the merits in this case, defendant Wolff clearly was the prevailing party and as such was entitled to attorney's fees as costs.[13]

■ The final issue in this case is whether the superior court abused its discretion in awarding attorney's fees to defendant in the amount of $500. The award of attorney's fees will not be disturbed unless an abuse of discretion is shown. American Service, Inc. v. Tundra Investment Company, 473 P.2d 614 (Alaska 1970); Froelicher v. Hadley, 442 P.2d 51, 53 (Alaska 1968); Palfy v. Rice, 473 P.2d 606, 613, n. 12 (Alaska 1970). "An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable." Palfy v. Rice, supra, at 613.

■ The superior court, in making its award of $500, took into account not only the work that had apparently been performed but also the fact that the case had not been tried on the merits and that defendant had not submitted the requested time records of attorney's work performed on the case. We believe these were proper considerations, and in the circumstances of this case, the award of $500 for attorney's fees was not manifestly unreasonable.[14]

Affirmed.

ERWIN, J., not participating.

RABINOWITZ, Justice (concurring in part, dissenting in part).

I dissent from the court's affirmance of the order which required Hart to produce the records of Arctic Bowl, Inc. My disagreement centers on the majority's holding that Hart had control over the records of Arctic Bowl, Inc.

A prerequisite to a Civil Rule 34 order for the production and inspection is that

---

of dismissal in light of this evidence. Therefore, we need not consider it in determining the propriety of either the order to produce the records or the order of dismissal.

12. Civ.R. 82 provides that the prevailing party may be allowed attorney's fees as costs. See also, Civ.R. 54(d) which provides in part: "* * * [C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs. * * *"

13. 6 J. Moore, Federal Practice § 54.-70 [4], at 1307, n. 14 (2d Ed. 1966), citing Corcoran v. Columbia Broadcasting System, 121 F.2d 575 (9th Cir. 1941).

14. It should be noted that we are not deciding here that it would necessarily be improper to base a defendant's attorney fee award on the fee schedule in Rule 82 based on a plaintiff's possible recovery, so long as such an award was within the proper discretion of the court. See Ferrell v. Baxter, 484 P.2d 250, 271 (Alaska 1971).

the moving party show the documents are in the "possession, custody, and control" of the other party. Norman v. Young, 422 F.2d 470 (10th Cir. 1970). I find the record devoid of any factual basis for the majority's conclusion that Wolff made out a prima facie case of Hart's "possession, custody, or control" of Arctic Bowl's records. I cannot perceive any policy considerations, or precedential bases, for the majority's adoption of an "influence" test, either actual or potential, in substitution for the "possession, custody, or control" standards of Civil Rule 34. Nor can I agree that notions of "influence" and of liberal pretrial discovery policies furnish an adequate foundation for the discovery order and subsequent sanction which were entered.

Apparently the trial court based its original order for production upon the theory that Hart's counsel was the registered agent of Arctic Bowl, Inc. This appears clearly impermissible for it is established that Civil Rule 34 does not run against counsel for the party. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). This is not to say that a party can immunize a document from inspection by turning it over to a nonparty so long as it remains in the party's control. C. Wright and A. Miller, Federal Practice and Procedure, § 2208, at 616 (1970). But in the case at bar there is no evidence indicating that Hart's counsel gained possession of the records by virtue of his representation of Hart.

One further comment. It strikes me as rather unusual that Wolff's battery of attorneys took approximately five years to obtain a decision on the Civil Rule 34 motion to require Hart to produce the records of Arctic Bowl, Inc. Equally extraordinary is the fact that Wolff's counsel never attempted to employ any other available discovery procedures, such as a subpoena duces tecum directed to a nonparty under Civil Rule 45(d) (1), to obtain the records of Arctic Bowl, Inc.

I agree with the court's resolution of the attorney's fee issue in this case.