STATE of Alaska, Appellant,

v.

Demetrius JOHNSON and
$66,020.00, Appellee.

No. S–7673.

Supreme Court of Alaska.

May 22, 1998.

Marilyn J. Kamm, Assistant Attorney General, Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Lance Christian Wells, Law Offices of Lance Christian Wells, P.C., Anchorage, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

PER CURIAM.

### I. INTRODUCTION

The State of Alaska appeals the superior court's award of Alaska Civil Rule 82 attorney's fees against it in a civil forfeiture proceeding. We affirm in part, reverse in part, and remand.

### II. FACTS AND PROCEEDINGS

On May 24, 1995, the State of Alaska filed a complaint in the district court seeking the civil forfeiture of $66,020 pursuant to AS 17.30.100—900. Since the action was unconnected to a criminal prosecution, the proceeding was in rem. AS 17.30.112(a).

On May 31 an attorney entered an appearance "on behalf of Demetrius Johnson" who claimed to be "the lawful owner of the $66,020 in United States currency." Johnson filed an answer and notice of claim. He also filed a petition for release of the $66,020

seized by the State. The principal basis of the petition was Johnson's claim that the State held the $66,020 for more than forty-eight hours without a court order authorizing its continued detention, in violation of AS 17.30.114(a)(3).[1]

On July 11 the State filed a motion requesting removal of the case from the district court to the superior court, and an extension of time to respond to Johnson's petition, answer, notice of claim, and discovery requests. Specifically, the State requested "a thirty day extension of time . . . from the date that jurisdiction is transferred to the Superior Court." In an affidavit attached to the State's motion, the assistant district attorney stated that one reason the State was requesting an extension was that she was "new to the area of forfeitures." She also affied that the State sought removal because "the jurisdictional amount of the District Court is only $50,000 and the amount of money seized in this case is $66,020."

Johnson opposed only the State's request for an extension of time to respond to his petition. However, he did not oppose the motion for removal to the superior court. On July 25 the case was removed to the superior court.

On September 13 Johnson filed a motion requesting a ruling from the superior court on his petition for release of the $66,020. The State still had not filed its opposition to the petition, and neither the district court nor the superior court had ever ruled on the State's motion for an extension of time.

On September 25 the superior court granted the State's motion for an extension of time, but only until August 23, which was thirty days from the transfer of the case to the superior court. It ruled that the State's opposition to Johnson's petition "should have been prepared and filed in anticipation of the [expiration of the] 30 day extension." Ac-

cordingly, the superior court entered the following order:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above $63,900 [sic] in United States Currency is hereby released to its lawful owner Demetrius Johnson.

On the same day the superior court also granted Johnson's motion to issue an order that the State be deemed to have admitted certain requests for admission.

The State moved for reconsideration of both of these orders. The superior court denied the State's motion for reconsideration of its order releasing the $66,020 to Johnson. However, the superior court vacated its order deeming admitted the requests for admission.

The assistant district attorney for the State affied that "on or about October 25, 1995," she notified Johnson's attorney that the State would release the $66,020 to his client on condition that Johnson "present himself at the trooper headquarters and show positive proof of I.D. to the property and evidence custodian." She affied that "[n]o one named Demetrius Johnson ever showed up at trooper headquarters to claim the money."

On November 7 the State released the $66,020 to an agent of the United States Internal Revenue Service who had obtained a seizure warrant from the United States District Court for the District of Alaska authorizing him to seize the currency.

On December 21 Johnson filed a motion for summary judgment. The State opposed the motion. The superior court granted Johnson's motion and dismissed the State's complaint on March 21, 1996. It emphasized that .

> there are no genuine issues of material fact. As a matter of law, the court no longer has subject matter jurisdiction over

---

1. AS 17.30.114 provides in pertinent part:
   (a) Property listed in AS 17.30.110 may be seized by a peace officer upon an order issued by a court having jurisdiction over the property upon a showing of probable cause that the property may be forfeited under AS 17.30.110. Seizure without a court order may be made if
   . . . .

(3) there is probable cause that the property was used, is being used, or is intended for use, in violation of this chapter or AS 11.71 and the property is easily movable; property seized under this paragraph may not be held for more than 48 hours without a court order obtained to continue its detention.

the property in question. The subject matter of this action lawfully passed to the jurisdiction of the United States District Court pursuant to a valid court order. This court is unable to grant the relief sought in the pleadings.

On March 28 Johnson filed a motion for full attorney's fees totaling $15,780.00. Johnson computed the total amount of fees using an hourly rate of $200.

On April 23 the superior court awarded Johnson attorney's fees of $10,780.00. It indicated that its award was predicated on "vexatious carrying on [of] litigation after [the] reasonable[ness] of dismissal was apparent." Citing Civil Rule 82(b)(3)(C),[2] the superior court apparently determined its award in accordance with an hourly rate lower than that claimed by Johnson's attorney.

The State appeals the award of attorney's fees, making several arguments which will be discussed below. The State does not appeal the superior court's decision granting Johnson's petition for release of the currency, or its decision granting Johnson's motion for dismissal of the State's complaint. Additionally, the State does not argue that Rule 82 should not apply to civil forfeiture proceedings.

## III. DISCUSSION

### A. The Superior Court Had Jurisdiction to Award Attorney's Fees against the State.

■ The State's first argument is that the superior court lacked jurisdiction to award costs and attorney's fees after the res was lawfully seized by the federal government pursuant to a search warrant. Whether a court has jurisdiction is a matter of law which we review de novo. See, e.g., Hydaburg Co-op. Ass'n v. Hydaburg Fisheries, 925 P.2d 246, 248 (Alaska 1996); Washington Ins. Guar. Ass'n v. Ramsey, 922 P.2d 237, 240 n. 10 (Alaska 1996).

We reject this argument. When the State's complaint was removed to the superior court, it unquestionably possessed personal jurisdiction over the State,[3] and subject matter jurisdiction over the forfeiture proceeding. Whether or not the superior court later relinquished its jurisdiction over the res by ordering the release of the currency,[4] it never relinquished its jurisdiction over the State or its power to award attorney's fees against the State. The State comes close to conceding this point when it states in its reply brief that "[t]he trial court still has authority under Civil Rule 11 to sanction parties and counsel for abuses."

### B. The Superior Court Did Not Err in Designating Johnson the Prevailing Party for Purposes of an Award of Civil Rule 82 Attorney's Fees.

■ The State's next argument is that the superior court erred in designating Johnson the prevailing party within the meaning of Rule 82. The State argues that it was the prevailing party because "[t]he order releasing the funds to [Johnson] was a hollow victory. The main issue in the case was whether the funds should be forfeited as the product of illegal drug transactions. The State was the prevailing party because the funds were seized ... [by] the federal government."

---

**2.** Civil Rule 82(b)(3) provides in pertinent part:

(3) The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:

. . . .

(C) the reasonableness of the attorneys' hourly rates and the number of hours expended[.]

**3.** See, e.g., United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306, 1313 (10th Cir.1994) (holding that government submits itself to personal jurisdiction of court when it institutes forfeiture action); cf. United States v. $12,390.00, 956 F.2d 801, 804 (8th Cir.1992) (holding that appellate court retains in personam jurisdiction over the party who initiated a drug forfeiture proceeding even if in rem jurisdiction is absent).

**4.** We express no opinion concerning whether the superior court was correct in concluding that the order releasing the currency to Johnson, the seizure of the currency by the federal government, and the initiation of forfeiture proceedings in federal court divested the superior court of jurisdiction over the res.

■ "The determination of which party is the prevailing party is committed to the discretion of the trial court." *Demoski v. New,* 737 P.2d 780, 787 n. 7 (Alaska 1987) (citing *Owen Jones & Sons, Inc. v. C.R. Lewis Co.,* 497 P.2d 312, 314 (Alaska 1972)). We review such determinations for abuse of discretion. *Howard S. Lease Constr. Co. & Assocs. v. Holly,* 725 P.2d 712, 720 (Alaska 1986).

We have allowed an award of Rule 82 fees against a plaintiff who sought and received a voluntary dismissal without prejudice. *Miller v. Wilkes,* 496 P.2d 176, 178 (Alaska 1972), *overruled on other grounds by R.A. Davenny & Assocs., Inc. v. Shinjin Motor Sales Co.,* 533 P.2d 1112, 1114–15 (Alaska 1975). We have also indicated that when litigation is dismissed as a result of the delay or intransigence of one of the litigants, the trial court may deem the other litigant the prevailing party for purposes of Rule 82. *Hart v. Wolff,* 489 P.2d 114, 119 (Alaska 1971). Specifically, in *Hart* we held that even though there had not been a final determination on the merits in the case, a defendant was "clearly" the prevailing party where the complaint was dismissed without prejudice because the plaintiff failed to comply with an order to produce corporate records. *Id.* In view of the circumstances of the case, we called "misplaced" the plaintiff's reliance on the general rule "that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it prevailing on the main issue . . . ." *Id.*[5]

The superior court dismissed this action because of the State's delay. As mentioned above, contrary to AS 17.30.114, and despite the fact that the State was in possession of the $66,020 for approximately four months, the State never obtained a court order authorizing the detention of the property for more than forty-eight hours. Additionally, the State failed to respond to Johnson's motion requesting a release of the $66,020 within the thirty-day extension the State requested. As a result of the State's tardiness, the superior court issued an order directing the State to turn over the currency "to its lawful owner Demetrius Johnson."[6] It is true that the superior court's order which ultimately dismissed the State's complaint did not explicitly refer to the State's delay. It dismissed the State's complaint because "[t]he subject matter of this action lawfully passed to the jurisdiction of the United States District Court pursuant to a valid court order." There is no doubt, though, that if the State had acted in a timely fashion, the superior court would have had jurisdiction over the res.

Under these circumstances, the superior court did not abuse its discretion by designating Johnson as the prevailing party.

C. *The Award of Attorney's Fees Should Be Reversed If Demetrius Johnson Is an Alias. Since the Superior Court Did Not Make a Finding on This Point, the Case Is Remanded.*

■ The State's next argument is that an award of attorney's fees to Johnson should be reversed because Johnson "is a fictitious person." In support of its argument, the State notes that Alaska Civil Rule 17(a) provides that "every action shall be prosecuted in the name of the real party in interest."[7]

---

**5.** We note that a contrary rule would require that in an action dismissed as a result of a party's failure to comply with court deadlines, the trial court must (1) wait to see if the losing party files a new action, and if so, (2) await the result of the new action on the merits before (3) designating a prevailing party in the original action. Such an approach would be inefficient, and would fail to tax dilatory litigants for the additional costs they imposed by requiring their opponents to respond to two actions.

**6.** As mentioned above, the State does not challenge the validity of this order in this appeal.

**7.** The full text of Civil Rule 17(a) provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and

The State also cites *Stevens v. Secretary of Department of Health & Human Services,* 31 Fed.Cl. 12 (1994), which interpreted an almost identical federal rule, Rules of the United States Court of Federal Claims (RUSCFC) Rule 17(a). The court in that case concluded that "[t]he Rule ... plainly did not envision that an action could be filed in the name of an entirely fictitious person and amended once counsel identifies a client." *Id.* at 21. Finally, the State cites *In re Forfeiture of Cessna 401 Aircraft, N8428F,* 431 So.2d 674, 675–76 (Fla.App. 1983), which held that the assignee of an alias lacked standing to contest the forfeiture of an aircraft.[8]

We adopt the rule advocated by the State. Johnson offers no response to the State's argument, our own research has failed to disclose persuasive contrary authority,[9] and there would appear to be little to commend a rule permitting an action to recover property seized by the government to be maintained on behalf of a fictitious person. Since the superior court did not make a finding concerning whether Demetrius Johnson is an alias, we remand the case to the superior court to enable the court to make that determination.

### D. Was the Amount of Attorney's Fees Awarded by the Superior Court Excessive?

The State's final arguments are that (1) "the superior court erred in characterizing the State's conduct in [this] litigation as 'vexatious'" and (2) the superior court erred by failing to "first calculate the award authorized under Rule 82(a) or (b) and then state its reasons for the deviation from that schedule."[10]

Given the superior court's unchallenged finding that Johnson's attorney's fees were excessive, the superior court's award is properly viewed as an award of 100% of Johnson's reasonable attorney's fees. The superior court's award was predicated on its finding that the State's conduct amounted to "vexa-

---

such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

**8.** The court wrote:

In the present case it is uncontradicted that there is no such person, Philip R. Duffe; and that the name itself is either fictitious or an alias; therefore, we find the representation of an assignment therefrom to be so offensive to the lofty purpose of protecting an identified owner's interest from an unfair seizure as to warrant the action we take here. We are determined to protect the rights of innocent property owners; but we are equally determined not to wrestle with important constitutional drug issues for the benefit of an assignee of a nonexistent person.

*In re Forfeiture of Cessna 401,* 431 So.2d at 675–76.

**9.** Some support for Johnson's position is provided by cases such as *United States v. 16510 Ashton,* 47 F.3d 1465, 1471 (6th Cir.1995) (opinion of a single judge), which held that in a forfeiture proceeding involving real property, a straw man fronting for a drug dealer is entitled to a preseizure hearing. For reasons indicated in the dissent and in other cases criticizing the single judge's opinion, however, we think that few courts are likely to follow this holding. *See id.* at 1472–75 (Boggs, J., dissenting); *United States v. 2030 E. Monroe Street,* 884 F.Supp. 1218, 1225–26 (C.D.Ill.1995); *People v. $28,500 in U.S. Currency,* 51 Cal.App.4th 447, 59 Cal.Rptr.2d 239,

251–52 (1996) ("A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture. There is language in a few opinions to the contrary—that the government must first show probable cause for the institution of the action before claimant is put to his proof of standing. If that were the law, then persons with no interest whatsoever in seized property could make a handsome living filing claims.") (citations and quotations omitted).

**10.** In general, a trial court has broad discretion to award Rule 82 attorney's fees in amounts exceeding those prescribed by the schedule of the rule, so long as the court specifies in the record its reasons for departing from the schedule. *Taylor Constr. Serv., Inc. v. URS Co.,* 758 P.2d 99, 102–103 (Alaska 1988); *Hayes v. Xerox Corp.,* 718 P.2d 929, 938–39 (Alaska 1986). "An award of attorney's fees will be overturned only upon a showing of abuse of discretion or a showing that the award is manifestly unreasonable." *Feichtinger v. Conant,* 893 P.2d 1266, 1268 (Alaska 1995) (citing *De Witt v. Liberty Leasing Co. of Alaska,* 499 P.2d 599, 601 (Alaska 1972)). However, "[a]n award of full attorney's fees is manifestly unreasonable in the absence of bad faith or vexatious conduct by the losing party." *State v. University of Alaska,* 624 P.2d 807, 817 (Alaska 1981); *see also Demoski v. New,* 737 P.2d 780, 788 (Alaska 1987).

tious carrying on [of] litigation after [the] reasonable[ness] of dismissal was apparent." The superior court, however, failed to indicate when it believed that it was "apparent" that dismissal was "reasonable," or what subsequent conduct by the State amounted to "vexatious carrying on [of] litigation." It is therefore possible that the superior court's finding was based on an erroneous legal premise.

■ The superior court may have been of the view that dismissal was required shortly after the complaint was filed, because the State's attorney failed to obtain an AS 17.30.114 warrant. Accordingly, it may have believed that every motion the State filed after forty-eight hours elapsed was "vexatious carrying on [of] litigation," because it was "apparent" that dismissal was required after forty-eight hours. Assuming that the State's failure to obtain the warrant resulted from the State attorney's negligence or inexperience, rather than from the fact that the State lacked sufficient evidence to justify retention of the property,[11] the view that dismissal after forty-eight hours was required was mistaken.[12]

Accordingly, we vacate the superior court's award of attorney's fees in this case. If the superior court concludes that Demetrius Johnson is not an alias, it should make a new determination of the appropriate amount of attorney's fees. If it concludes that it is appropriate to award attorney's fees in excess of those provided by the schedule of Rule 82, "[t]he court must first calculate what award is authorized under the schedule set forth in Civil Rule 82(a) and then state its reasons for deviating from that award." *Kowalski v. Kowalski*, 806 P.2d 1368, 1373 n. 7 (Alaska 1991).

### IV. CONCLUSION

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

---

**11.** The superior court did not make any findings on this question, and the record is not clear on this point.

**12.** *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 63–64, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The Supreme Court stated:

> We have held that if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction.
> In [*United States v.*] *Montalvo–Murillo* [495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990)] for example, we considered the Bail Reform Act of 1984, which requires an "immediat[e]" hearing upon a pretrial detainee's "first appearance before the judicial officer." 18 U.S.C. § 3142(f). Because "[n]either the timing requirements nor any other part of the Act [could] be read to require, or even suggest,

> that a timing error must result in release of a person who should otherwise be detained," we held that the federal courts could not release a person pending trial solely because the hearing had not been held "immediately." We stated that "[t]here is no presumption or general rule that for every duty imposed upon the court or the Government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent." To the contrary, we stated that "[w]e do not agree that we should, or can, invent a remedy to satisfy some perceived need to coerce the courts and the Government into complying with the statutory time limits."

(Citations omitted.) Like the statutes referred to in *Good Real Property*, AS 17.30.114 fails to specify a consequence for noncompliance. If the superior court concluded that a sanction of dismissal was required after the State missed the forty-eight hour deadline for obtaining a warrant, it erred.