431 So.2d 674 (1983)
In re FORFEITURE OF a CESSNA 401 AIRCRAFT, N8428F.
No. 82-906.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied June 13, 1983.
Thomas A. Thomas of Thomas A. Thomas & Associates, and Joseph A. Varon of Varon & Stahl, P.A., Hollywood, for appellant Thomas A. Thomas, Jr.
Richard A. Purdy of Shailer, Purdy & Jolly, Fort Lauderdale, for appellee Robert A. Butterworth, Sheriff.
GLICKSTEIN, Judge.
The trial court entered an amended summary judgment, which we hereby affirm, forfeiting a Cessna 401 aircraft to the use and benefit of the Broward County Sheriff. It did so based on the uncontroverted affidavits of investigative agent Moore which established that the aircraft had been used to facilitate the transporting of cannabis into Florida and to display fake registration numbers; that there was no owner who knew or should have known after reasonable inquiry that the aircraft was likely to be *675 used in the transporting of cannabis; that there was no lienholder on the aircraft; and that the respondent, Philip R. Duffe, who filed an answer claiming to be the owner was not the registered owner and "is not a person existing in fact but is a fictitious or alias name." On April 5, 1982, the trial court simultaneously granted the amended summary judgment and allowed one of respondent's trial lawyers to become the substituted respondent based on an unsworn motion by that attorney that Philip R. Duffe had assigned his interest in the aircraft to him.
Although appellant raises four constitutional questions, we decline to address them because the claim of standing by appellant is so vacuous as to preclude such consideration. See State ex rel. Pringle v. Dykes, 127 Fla. 665, 173 So. 904 (1937). Section 932.703(2), Florida Statutes (1981), provides as follows:
No property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.
Such protection of property was undoubtedly derived by the legislature from the same concept of fair play evidenced by 49 U.S.C. § 782, which provides:
Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: Provided, That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State. Aug. 9, 1939, c. 618, § 2, 53 Stat. 1291.
See also 19 U.S.C. § 1618:
Whenever any person interested in any vessel, vehicle, merchandise, or baggage seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury under the customs laws or under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. In order to enable him to ascertain the facts, the Secretary of the Treasury may issue a commission to any customs officer to take testimony upon such petition: Provided, That nothing in this section shall be construed to deprive any person of an award of compensation made before the filing of such petition.
In the present case it is uncontradicted that there is no such person, Philip R. Duffe; and that the name itself is either fictitious or an alias; therefore, we find the *676 representation of an assignment therefrom to be so offensive to the lofty purpose of protecting an identified owner's interest from an unfair seizure as to warrant the action we take here. We are determined to protect the rights of innocent property owners; but we are equally determined not to wrestle with important constitutional drug issues for the benefit of an assignee of a nonexistent person. While drug smuggling thrives in the shadows, the cancer of marijuana openly eats away the futures of the youth of this state, affecting their lungs, hearts, memories and personalities, to say nothing of the possible effects upon their brains and reproductive systems.
DELL and WALDEN, JJ., concur.