COBB, Chief Judge.
This is an appeal from a final judgment of forfeiture of a plane, based upon the trial court’s finding that it was used to transport drugs. See § 932.702, Fla.Stat. (1981). The owner of the plane at the time of the offense, David Jern, did not contest the forfeiture action brought by the Sheriff of Brevard County. The action was contested, however, by Lauderdale Investments, Inc., a corporation wholly owned by attorney David Hoines, which claimed that Jern had assigned the plane to Hoines as a legal fee, and that subsequently Hoines assigned it to the corporation.
The trial court granted summary judgment for the sheriff on the basis that Laud-erdale lacked standing to contest the forfeiture, since the company did not own the plane on the date of the offense. Lauder-dale’s standing to challenge the forfeiture proceedings is the sole issue on appeal.
Under the applicable statute, title to the plane immediately vested in the state upon its seizure. § 932.703(1), Fla.Stat. (1981). Nevertheless, the statute says that the title held by the state is subject to perfection of title in accordance with the Act. Section 932.703(2), Florida Statutes (1981), states that:
No property shall be forfeited under the provisions of sections 932.701-932.704 if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.
Section 932.703(3) aids in interpreting the word “owner” used in section 932.703(2). Section 932.703(3) concerns lienholders’ interests in forfeited property. It states that only lienholders who acquire their interest prior to the forfeiture may retain their interest in the forfeited property. It can be inferred from this that only owners who acquire their interest pre-forfeiture may retain their interest.
Section 932.703, Florida Statutes, is similar to the United States statute regarding contraband seizure which is found in 49 U.S.C.A. § 782. The United States Supreme Court has ruled on this very question, stating as follows:
[Wjhenever a statute enacts that upon the commission of a certain act specific property used in or connected with that *540 act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the .offense is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith.
United States v. Stowell, 133 U.S. 1, 17-18, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890).
In In Re Forfeiture of a Cessna 401 Aircraft, 431 So.2d 674 (Fla. 4th DCA 1983), review denied, 444 So.2d 416 (Fla.1984), the trial court entered summary judgment forfeiting the aircraft to the use and benefit of the Broward County Sheriff based on uncontroverted affidavits which established that the aircraft had been used to transport marijuana. The trial court held that there was no owner who knew or should have known that the aircraft was likely to be used to transport marijuana, and that the respondent contesting the forfeiture and claiming to be the owner was not the registered owner, and lacked standing. The trial court did allow one of the respondent’s lawyers to become the substitute respondent as that attorney had filed an unsworn motion stating the respondent had assigned his interest in the forfeited property to him in payment for legal services. The district court of appeal reversed, holding that the attorney’s claim of standing was “so vacuous as to preclude [any] consideration.” 431 So.2d at 675. Because the name on the registration was a fictitious name, the court ruled that the representation of an assignment from this fictitious person to his attorney was “so offensive to the lofty purpose of protecting an identified owner’s interest from an unfair seizure as to warrant the action [taken] here.” 431 So.2d at 676.
In the instant case, the plane was registered in the name of Gregory Little, and the plane was sold to one David Little. The actual name of the owner is David Jern. Therefore, in the instant case, there is an identified owner, but the registration and the purchase contract were filled out in fictitious names. The transfer to Jern’s attorney and the transfer to Lauderdale Investments were not recorded. The basis of Lauderdale Investments’ claim of ownership is a written assignment of interest not made part of the record below. Lauder-dale Investments’ standing may not be as vacuous as the attorney’s standing in In Re Cessna; however, in light of the United States Supreme Court’s decision in Stowell, Lauderdale Investments lacked standing. The summary judgment entered by the court below is
AFFIRMED.
SHARP and COWART, JJ., concur.