[Civ. No. 29920.   Second Dist., Div. Four.   Mar. 6, 1967.]

MANUEL A. FRATES et al., Plaintiffs and Appellants, v. MARY JANE TREDER, Defendant and Respondent.

Finston, Kurtz & Schneider and Philip M. Kurtz for Plaintiffs and Appellants.

James R. Mead and Parker, Stanbury, McGee, Peckham & Garrett for Defendant and Respondent.

BISHOP, J. pro tem.*—Plaintiffs brought this action, February 20, 1961, for the damages suffered by each of them in an automobile accident for which the defendant Mary J. Treder was said to be responsible. That defendant propounded a series of interrogatories to each plaintiff in June of 1962. Having received no answer from either plaintiff, on April 28, 1965, she filed a notice that she would move for an order striking plaintiff's complaint and dismissing their action, and for an order for attorney fees for preparing for the motion. The orders were made, one for attorney fees, in the amount of $100 on May 24, 1965, and the other striking the complaint and dismissing the action on June 7 following. In addition to the minute entries of these orders, another was signed and filed this same June 7, reading: ''Good cause appearing therefor, the above entitled action is hereby dismissed under the provisions of section 2034-D of the Code of Civil Procedure as to Defendant

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Mary Jane Treder.'' The matter is before us on an appeal by the plaintiffs from the minute orders of May 24 and June 7 and from the written and signed order of the same date. We are affirming the three orders.

■ Plaintiffs' brief argues for reversals under two headings. The first is: ''Plaintiffs have not wilfully failed to serve answers to interrogatories within the purview of California Code of Civil Procedure Section 2034-D.'' There is no code section designated as ''2034-D,'' but there is a subdivision (d) of section 2034 which, as appellants stress, contains the word ''wilfully'': ''. . . if a party wilfully fails to serve and file answers to interrogatories submitted under Section 2030 of (the Code of Civil Procedure), after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action . . . or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney fees.''

■ Appellants have not questioned the ''proper service'' of the interrogatories, but this seemed to us to be a critical question, first to be answered. The interrogatories were served on the plaintiffs by mailing them to their counsel. That their counsel received them appears certain, and the contrary is not suggested. Does such service put a duty on the plaintiffs to reply? The affirmative answer is found in subdivision (d) of section 2030 of the Code of Civil Procedure, where it is provided: ''(d) Service of interrogatories under this section may be made upon any party or his attorney in the manner provided in Chapter 5, Title 14, Part 2 (commencing at Section 1010 of this code).'' We discover in section 1010: ''Notices and other papers may be served on the party or attorney in the manner prescribed in this chapter. . . .'' Service by mail is prescribed in sections 1011 and 1012 of ''this chapter.'' Papers so received are effectively served. (See *Crummer* v. *Whitehead* (1964) 230 Cal.App.2d 264, 268 [40 Cal.Rptr. 826, 828-829]; *Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 485 [37 Cal.Rptr. 489, 494 et seq.]; *Hunstock* v. *Estate Dev. Corp.* (1943) 22 Cal.2d 205, 211 [138 P.2d 1, 4, 148 A.L.R. 968]; *Lyydikainen* v. *Industrial Accident Com.* (1939) 36 Cal.App.2d 298, 301-302 [97 P.2d 993].)

That plaintiffs' counsel, to whom the interrogatories were mailed, received them is not in question; counsel's conduct with respect to them can be understood on no other theory. In

a letter addressed to defense counsel by one of plaintiffs' attorneys, under date of June 19, 1962, it appears: "This will confirm telephone conversation of yesterday with your secretary wherein it was agreed that this office may have to and including September 18, 1962, within which to answer interrogatories on behalf of Manuel A. Frates and Elsie Frates in connection with the above-captioned matter." On September 20 there was another letter to confirm "an open extension subject to ten days written notice within which to answer the interrogatories on behalf of Manuel A. Frates and Elsie Frates." June 14, 1963, "written notice" was given, followed by another letter, plaintiffs' counsel to the defendant, confirming extension to August 31, and then again another. On January 30, 1964, a letter was sent to plaintiffs' attorney: "As you know we have sent Interrogatories to you—in this case. You have now had them since June, 1962. My principal is pressing me for an answer to those Interrogatories. . . . This will serve as written notice to you to please file your Answer to the Interrogatories within ten days or I shall be compelled to seek the assistance of the Court to have Answers filed." On December 24, 1964, this un-Christmaslike letter to plaintiffs' attorneys was sent: "Since we have not received the answers to interrogatories . . . I will, within five days from this date, move the court for an order striking your complaint." On April 28, 1965, there was filed a notice that a motion for an order striking the complaint, dismissing the action and for a reasonable attorney's fee for preparing the motion, would be heard May 10, 1965. It was heard on May 24; the motion for attorney fees was submitted, and then granted later in the day. The motion to strike and dismiss was continued to June 4.

By way of a defense to the motion, plaintiffs' counsel filed on June 4, 1965, points and authorities and a declaration by one of its members.[1] As we shall have occasion to refer to it, we append the declaration as a footnote, omitting matters which are otherwise of record.

---

[1] "I, . . . declare that I am one of the attorneys for plaintiffs in the above matter . . . .

"Our client has been a patient at the Metropolitan State Hospital, Norwalk, California, for some time. On or about May 8, 1962, we received a letter from Mr. Frates indicating that he was confined at . . . Hospital, Ward 102. . . . For this reason when interrogatories were served on June 15, 1962, we were able to obtain an extension to and including September 18, 1962 within which to answer interrogatories on behalf of our clients. On September 18, 1962 we received an open extension subject to ten days written notice within which to answer the said

As already noted, two orders were made, one May 24, 1965, requiring the payment of $100, to help pay defendant's attorney and the other striking the complaint and dismissing the action, made June 7, 1965.

Plaintiffs' argument, in their opening brief, in support of their appeal from the last order, concludes with this paragraph: "In the instant case, it is most important to note that defendant has not established any evidence whatsoever which would indicate that plaintiffs wilfully, consciously or intentionally failed to serve answers to the interrogatories herein. The declaration of Philip M. Kurtz filed June 4, 1965, does, in fact, establish that plaintiffs had no knowledge whatsoever as to the filing or service of interrogatories. The declaration goes into great detail as to the mental condition of plaintiff Manuel A. Frates and as to the fact that plaintiffs' counsel were unable to locate their clients so that the interrogatories could be answered and filed with the Los Angeles Superior Court. The declaration, in other words, establishes

interrogatories and in our letter of September 20, 1962, which letter is marked Exhibit "B" . . . we notified defense counsel that 'Mr. Frates is now, and for a number of months has been, a patient at the Metropolitan State Hospital,' . . . .

"We thereafter received notice that our client could be reached at Trail's Restaurant, Bridgeport, California, and we mailed him the interrogatories . . . on June 19, 1963, requesting that said interrogatories be answered and the answers returned directly to this office at his earliest convenience. We never received said answers and still have not received same. . . . We have never heard from our clients Mr. and Mrs. Frates since that date.

"In an effort to locate our clients we checked the telephone directory of Los Angeles and wrote to the Department of Motor Vehicles regarding the addresses of Mr. and Mrs. Frates. (Seven are listed, including Trail's Restaurant and Ward 416 or Ward 102, Metropolitan State Hospital.) . . . we requested the . . . Hospital to assist us in attempting to contact Mr. Frates and were informed that they were unsuccessful in attempting to contact him. (Copy of letter from the hospital was attached and marked Exhibit "A".)

"Attached hereto and marked Exhibit "B" is statement of account from Los Angeles County General Hospital, Psychiatric Department, reflecting hospitalization of our client Manuel A. Frates from December 6th to December 15, 1960. Also attached hereto and marked Exhibit "C" is medical report of Jay B. Cohn, M. D. dated February 13, 1961 regarding Manuel A. Frates.

"It is respectfully submitted that the foregoing medical report and hospitalization at Los Angeles County General Hospital together with the confinement at the Metropolitan State Hospital all reflect upon the mental condition of plaintiff Manuel A. Frates and his failure to serve answers to interrogatores.

"It is respectfully submitted that defendant has failed to show any wilfull failure to serve answers to interrogatories and therefore the motion to strike plaintiffs' complaint and dismiss action and to impose sanctions should be denied. . . . (signed)."

that not only was there no wilful failure by plaintiffs to serve answers to interrogatories but that there was no knowledge whatsoever by plaintiffs of the filing or service of interrogatories or the necessity by them to answer the same.''

Several facts stand unchallenged. Interrogatories were propounded to the plaintiffs in June of 1962 by delivering them to their attorneys of record. No order had been made by the court at any time extending the 15 days prescribed by section 2030, when it declares: '' [T]he party upon whom the interrogatories have been served shall file and serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges the time. . . .'' Three years, we note, is considerably more than 15 days.

We are quite aware that the provision of section 2034, subdivision (d), authorizes the orders to dismiss and strike only if the failure to answer the interrogatories is wilful. We do not agree with appellants' basic premise, that the burden rests upon the propounder of the interrogatories to proceed to prove wilfulness. If that were the requirement, then the moving party would have a limitless number of questions to answer, for there are an infinite number of *possible* reasons why one may not have answered, most of them dependent upon facts not at all within the ken of one's opponent. When three years after interrogatories are propounded they remain unanswered, and a motion is made to dismiss, the reason for the failure must come from the one who has remained dumb when under the duty to talk. If the reason is ''I did not want to expose my hand,'' it leaves his failure wilful. If the excuse is ''my attorney may have known about these questions, but he never told me,'' we doubt if that excuse is good, unless the failure of the attorney to do his duty was not wilful. Certainly the law is not to be thwarted by excusing the client for the wilful failure of his attorney.

Now let us look at plaintiffs' defense against defendant's motion. We note, first of all, that they have forgotten that there are two plaintiffs, the husband and wife. The wife seeks a one hundred thousand dollar judgment against the defendant. As she had a right to do, the defendant asked her, among other things: ''State in detail those personal injuries alleged to have been sustained by yourself as a result of the accident.'' Also, ''Have you been hospitalized as a result of the accident?'' And about a score more. No answer has been

received to these interrogatories put to plaintiffs in three years and plaintiffs have not even attempted to explain her silence. To be sure, the defendant has not proved, in support of her motion, that plaintiffs possessed a pen and paper, and so *could* have answered the questions. Also, the proof is lacking that they understood the English language and so did know what "hospitalized" means, with the result that their silence was wilful. We say that the trial court was quite justified in dismissing the action as to Mary Jane, as there was no justification whatever offered to excuse her continued silence.

█ We find, moreover, that the trial court was not without a basis for dismissing the action because of the three years' silence on the part of plaintiff Manuel Frates. His counsel writes: "The Declaration goes into great detail as to the mental condition of plaintiff Manuel A. Frates." Does he consider it such a detail that "on or about May 8, 1962, we received a letter from Mr. Frates indicating that he was confined at Metropolitan State Hospital." If an inference of lack of mental ability is to be garnered from the fact that he was confined at a mental institution, a certified copy of the order of confinement, or the declaration that he was so confined by someone who knew, would constitute proof, but his "letter" indicating his "confinement" is incompetent proof of it. Moreover, if a letter written by an inmate of a mental hospital in May of 1962, constitutes "great detail" of his mental condition, it is only as of that date. Long before the order of dismissal was made, while the interrogatories remained unanswered, he seems to have been released from that custody.

No doubt, counsel also found in the doctor's letter, written in February 1962, further "great detail" of plaintiff's mental condition. This is a legal proceeding; the competence of the doctor to express the opinion that he gave was not established; he was not under oath; he was writing about an alcoholic who, according to his own statements, knew that he had been in an automobile accident December 19, 1960 (no doubt, the basis of this action); the trial court certainly cannot be held to have erred, if, as is possible, it gave no heed whatever to this letter.

The principle is not to be forgotten that "The presumption is always that a person is sane; therefore one who claims that a person is insane at a particular time has the burden of establishing that fact by a preponderance of the evidence." (*Church* v. *Capital Freight Lines* (1956) 141 Cal.App.2d 246 [296 P.2d 563, 564.])

We call attention to another "fact" contained in the declaration relied upon by plaintiffs. "We thereafter received notice that our client could be reached at Trail's Restaurant, Bridgeport, California, and we mailed him the interrogatories in the instant case on June 19, 1963, requesting that same be answered and the answers returned directly to this office at his earliest convenience. We never received said answers and still have not received same. Furthermore, the interrogatories themselves were never returned."

If the episode just noticed has any significance, it is because the fact that the papers were not returned warrants the conclusion that the plaintiff had received the interrogatories and his counsel's advice to answer and return them, but decided not to comply. In any event, more than a period greater than two years has gone by; plaintiffs have not been in touch with their attorney; a motion to dismiss for lack of prosecution would have been in order Code (Civ. Proc., § 583). We have concluded that the orders striking the complaint and dismissing the action were properly made by the trial court.

We do not wish to be understood as holding that mere failure to respond to a demand for answers to interrogatories constitutes a basis for such drastic action as was taken here. The answer is not always black or white. Here the failure to attempt to make any explanation for the wife's long silence, and the very long silence of the husband are not "mere failures," but justify the trial court's conclusion that the failure was "won'tful" which, under the circumstances, was "wilful."

There remains for brief comment the appeal from the order requiring the plaintiffs to pay $100 to the defendant as "reasonable attorney fees for preparing this motion." Notice that the motion for this would be made May 14, was filed April 28; when the motion finally came up May 24, it was submitted, apparently with counsel's acquiescence, and then decided that same day. It does not appear to have been error not to continue the second motion until the hearing of the first one for a dismissal could be heard, with the points and authorities and declaration in hand. Moreover, if it was error, there is no reason to suspect that it would have fared any differently than the motion that was continued.

The three orders appealed from are affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.