HAWES FIREARMS COMPANY, a California Corporation; Martha F. Hawes, an individual; Hawes National Corporation; and Gemini Investment Corporation, Petitioners,

v.

Paul A. EDWARDS, Respondent.

No. 5577.

Supreme Court of Alaska.

Oct. 9, 1981.

Edward A. Merdes, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for petitioners.

H. Bixler Whiting, Whiting & Rosie, Fairbanks, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

Until recently, Hawes Firearms Company and Gemini Investment Corporation, respectively, imported and distributed handguns manufactured by J. P. Sauer & Sohn, a West German manufacturer. The handguns were sold in the United States exclusively under Hawes' name.

Respondent Paul A. Edwards was injured when a Hawes revolver accidently discharged. Edwards sued Hawes, Gemini, and others,[1] claiming that the handgun was defective.

In the course of pretrial discovery Edwards served Hawes with sixty-nine interrogatories pursuant to Alaska Civil Rule 33, and requested the production of various items pursuant to Alaska Civil Rule 34. The interrogatories and requests for production were served in April of 1979. Hawes answered some of the interrogatories and produced some of the material requested and objected to the remainder of the interrogatories and requests. On November 30, 1979, Edwards filed a Rule 37(a) motion for an order compelling discovery. This motion was granted on January 11, 1980. By the terms of the court's order, answers to certain designated interrogatories were to be made no later than February 21, 1980, and complete production was to be accomplished by that date.

On July 2, 1980, Edwards moved to strike Hawes' defenses pursuant to Civil Rule 37(b)(2)(C), claiming that Hawes had willfully failed to comply with the January 11 order. This motion was granted and the court entered an order striking the defenses of Hawes and requiring the trial, as to Hawes, to be conducted on the question of damages only.

Rule 37(b) sanctions are necessary for trial judges to enforce their discovery orders. "[T]he rule . . . invests the trial judge with broad discretion as to the choice of sanction in a given situation." *Oaks v. Rojcewicz*, 409 P.2d 839, 844 (Alaska 1966). We will not set aside an ordered sanction unless we are convinced that the court below has exceeded that discretion. *Id.* Willfulness, in the sense of a conscious intent to impede discovery, and not mere delay, inability or good faith resistance, must be demonstrated before sanctions may be imposed. *See Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095–96, 2 L.Ed.2d 1255, 1267 (1958); *Continental Insurance Company v. Bayless & Roberts, Inc.*, 548 P.2d 398, 404 (Alaska 1976); *Ketchikan Cold Storage Company v. State*, 491 P.2d 143, 148 (Alaska 1971); *Hart v. Wolff*, 489 P.2d 114, 118 (Alaska 1971); *Oaks v. Rojcewicz*, 409 P.2d at 840. Non-compliance cannot be found to be willful where the information sought is not within the party's "possession, custody or control." *See* 4A Moore's Federal Practice, ¶ 34.17 (2d ed. 1980).

In the present case the court implicitly, but unmistakably, found that Hawes had willfully failed to make discovery in many respects.[2] Our review of the record has not

---

1. Included among the defendants were petitioners Hawes National Corporation, and Martha F. Hawes, whose functions with respect to the Hawes handguns were not differentiated in the complaint from those of Hawes Firearms Company and Gemini Investment Corporation. In this opinion we shall refer to all of the petitioners as Hawes.

2. The court did not use the word "willful," as such. Instead the court found that certain information and documents were available to Hawes, and were withheld from discovery without justification. Thus, in effect, the court placed the burden of showing that non-compliance was not willful on the party from whom discovery was sought. In our view, this was

the proper approach, for the reasons expressed in *Frates v. Treder*, 249 Cal.App.2d 199, 57 Cal.Rptr. 383 (1967):

We do not agree with appellants' basic premise, that the burden rests upon the propounder of the interrogatories to proceed to prove wilfulness. If that were the requirement, then the moving party would have a limitless number of questions to answer, for there are an infinite number of *possible* reasons why one may not have answered, most of them dependent upon the facts not at all within the ken of one's opponent.

*Id.* 57 Cal.Rptr. at 387 [emphasis in original]; *Deyo v. Kilbourne*, 84 Cal.App.3d 771, 149 Cal. Rptr. 499, 512 (1978).

convinced us that this finding was erroneous or that the sanctions employed were an abuse of discretion. Accordingly, we affirm.

■ Among the interrogatories of particular concern to the trial court were those concerning insurance. Interrogatory No. 9 asks:

Please state whether there is any insurance, either liability or otherwise, available to the Defendants to cover this cause of action.

Hawes responded that its liability policy was cancelled prior to the accident and that no policy was obtained thereafter. Edwards pointed out in his motion to compel that he had not asked what insurance Hawes Firearms alone had, rather what insurance covered his claim. The court ordered an answer to this interrogatory and to interrogatories contingent upon an affirmative answer to it.[3] In response, Hawes stated:

This information was requested from West Germany and no answer received yet; when received and before trial, it will be provided to counsel.

No further answer was made as of July 2, 1980, when Edwards moved to strike Hawes' defenses.

It subsequently became clear that the law firm of Merdes, Schaible, Staley & DeLisio, Inc., which was defending Hawes, had been retained to conduct Hawes' defense by the New York attorney for J. P. Sauer & Sohn and Sauer's insurance company. Sauer had agreed to indemnify Hawes in this action, and Sauer's insurance company insured the indemnity agreement. The Merdes firm reported to New York counsel for Sauer and its insurer as to developments in the conduct of Hawes' defense.

It is difficult to believe that Martha F. Hawes, who answered the interrogatories for Hawes concerning insurance, did not know that Sauer's insurance company was involved in the defense of this litigation. Nevertheless, her ignorance of that fact would not justify withholding the truth, where it was known to her attorney.[4] Moreover, the insurance company which, along with Sauer, was financing and controlling the defense of this case plainly had a duty to reveal the existence and the details of its policy.[5] In our view the trial court was therefore justified in concluding that its order compelling answers to the interrogatories concerning insurance had been willfully disobeyed.

■ Request for Production No. 2 asked for "each piece of advertisement which has been used to advertise the Hawes and/or its predecessor single action revolvers in the United States or abroad." The answer given initially was: "These Defendants have not advertised for years, but copies of all

**3.** Interrogatory No. 10, which was never answered, asked:

If so, state the name of the insurance company, the policy term, the policy limits, and the policy number. If there are umbrella policies involved, state all of the policy limits.

**4.** *Naismith v. PGA*, 85 F.R.D. 552, 565 (N.D.Ga. 1979); *Shires v. Magnavox Co.*, 74 F.R.D. 373, 376 (E.D.Tenn.1977); *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D.Utah 1966); *Steelman v. United States Fidelity and Guaranty Co.*, 35 F.R.D. 120, 121 (W.D.Mo.1964); *Wycoff v. Nichols*, 32 F.R.D. 370, 372 (W.D.Mo.1963); 4A Moore's Federal Practice ¶ 33.26 (2d ed. 1980); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2177, at 562 (1970) ("A party must disclose facts in his attorney's possession even though the facts have not been transmitted to the party").

**5.** *See Bingle v. Liggett Drug*, 11 F.R.D. 593, 594 (D.Mass.1951) (in personal injury action where defendant's attorney also represented defendant's insurer, statements in possession of nonparty insurer held discoverable); *Simper v. Trimble*, 9 F.R.D. 598, 599–600 (W.D.Mo.1949) (where insurance company conducted defense of personal injury action, the court held that photographs in possession of the non-party insurer were discoverable, stating, "It would be idle to say that an insurer thus obligated and in complete control and direction of the defense might be able to claim immunity from the usual obligations resting upon a litigant. For all practical purposes it is performing the exact functions and playing the precise role of an actual party to the litigation. That being true, it should be subject to the usual and reasonable rules of procedure, and especially with respect to discovery"); *State Farm Ins. Co. v. Roberts*, 97 Ariz. 169, 398 P.2d 671, 675–76 (1965); Moore's Federal Practice, *supra* n.4, ¶ 34.17.

catalogues that are relevant to this particular pistol are available for inspection and copying in the office of MERDES, SCHAIBLE, STALEY & DELISIO, INC. ..." Nothing further was produced prior to the motion to strike defenses, despite the court's order of January 11, 1980, compelling full compliance with all requests for production. In his motion to strike the plaintiff pointed out that he had requested all advertisements and catalogues which related to any Hawes single action revolver, not merely the particular pistol which injured the plaintiff. Attached to the motion were several unproduced Hawes advertisements which plaintiff had obtained from other attorneys prosecuting products liability cases against Hawes. Here again, we believe that the court was justified in concluding that nonproduction of the advertisements was willful.[6]

Similarly, Edwards' Request for Production No. 4 demanded "[c]opies of complaints, products liability logs or other evidence maintained by Hawes, J. P. Sauer or any other company manufacturing or distributing Hawes single action revolvers evidencing reports of accidents or injuries occurring with the Hawes single action revolver or its predecessors." Interrogatories 55, 56, and 57 also sought reports of other accidental injuries caused by Hawes products, along with the captions, including the jurisdiction and the name and address of the plaintiff's attorney, of all lawsuits against Hawes.[7] Hawes responded to these various requests with a list, allegedly acquired from Hawes' former insurance broker, containing little more than the names of 37 complainants and the dates of their complaints. Despite the order, Hawes provided no further identifying information until after the court ordered its defenses stricken. At that time it produced a more complete list of complainants, supplied by J.

P. Sauer. Hawes' only excuse for its failure to obey the court's order was that it had passed the information on to Sauer and to its former insurer. There can be no doubt, however, that Hawes had access at least to that information pertaining to the various lawsuits in which it was a named defendant.

In each of the examples we have given, adequate disclosure of the requested information was eventually accomplished after entry of the order striking Hawes' defenses. This, however, does not mean that the order may not stand:

> Final production is not determinative. The rule permits a sanction when a party "fails to obey an order." ... The ultimate, and reluctant, production of documents, more than a year after a legitimate request does not absolve [a party] of the charge that it willfully failed to obey a valid court order.

*State of Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1374 (10th Cir. 1977), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

Although the trial judge relied on other instances of non-compliance in addition to those we have described, the above suffice to persuade us that the court did not err or abuse its discretion in entering the order which it did. Accordingly, the order is AFFIRMED.

---

6. The fact that these materials may have been in the possession of its advertising agency does not negate the fact that Hawes had "control" of the items, within the meaning of Rule 34. *See In re Folding Carton Anti-Trust Litigation,* 76 F.R.D. 420, 423 (N.D.Ill.1977); *Williams v. Consolidated Investors, Inc.,* 205 Kan. 728, 472 P.2d 248, 252 (1970).

7. Although evidence of other complaints may or may not be admissible at trial, Edwards was certainly entitled to its discovery insofar as it could lead to the discovery of admissible evidence. *See* Annot., 20 A.L.R.3d 1430, 1430–33 (1968).