Arnold DADE, Appellant,

v.

STATE of Alaska, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. Patricia Lynn LOVETT, Appellee.

No. S–1194.

Supreme Court of Alaska.

Oct. 3, 1986.

G.R. Eschbacher, Anchorage, for appellant.

Dianne Olsen, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The State Child Support Enforcement Division filed a complaint on behalf of Patricia Lovett against Arnold Dade to adjudicate paternity of her minor child and compel child support payments. Dade answered and denied paternity. The parties stipulated that Lovett, Dade and the child would submit to blood tests, and the court entered an appropriate order.

Lovett discovered that Dade arranged for a friend to submit blood for testing in Dade's stead. She moved for sanctions, including an order establishing paternity. Superior Court Judge Victor D. Carlson entered an establishment-preclusion order conclusive on the issue of paternity.[1] Dade appeals.[2]

---

1. Dade submitted a true blood test before the sanction hearing. The results came in after the establishment-preclusion order was entered. The statistical probability that Dade is the father is 95.45%.

2. Dade was also fined $980.50 for costs and fees. Dade does not appeal the fine.

## II. VALIDITY OF THE ESTABLISH-MENT–PRECLUSION ORDER

Dade argues that the superior court abused its discretion, by entering an order conclusively establishing paternity. According to Dade, the court should have imposed a lesser sanction. Lovett contends that the order was within the broad discretion of the trial court because Dade's action was clearly willful.

Ordinarily, blood test results are admissible to prove paternity. AS 25.20.050(d).[3] If the statistical probability of parentage equals or exceeds 95%, paternity is presumed and may be rebutted only by clear and convincing evidence.[4] *Id.*

Civil Rule 37(b) authorizes the superior court to impose a wide range of sanctions on a party who fails to comply with discovery orders.[5] The choice of a sanction rests in the broad discretion of the trial court; we will set aside a sanction only for abuse of discretion. *Hawes Firearms v. Edwards,* 634 P.2d 377, 378–79 (Alaska 1981).

▮▮▮ The imposition of an establishment-preclusion order is justified if the fail-ure to comply with a discovery order is willful, *Ketchikan Cold Storage v. State,* 491 P.2d 143, 146–48 (Alaska 1971); *Bachner v. Pearson,* 432 P.2d 525, 528 (Alaska 1967), although lesser sanctions may be imposed absent a finding of willfulness, *State v. Guinn,* 555 P.2d 530, 542–43 (Alaska 1976). Willfulness is defined as a conscious intent to impede discovery. *Hawes Firearms,* 634 P.2d at 378–79. The burden is on the noncomplying party to prove that its failure to provide discovery was not willful. *Id.* at 378 n. 2.

▮▮▮ In the instant case, the superior court had discretion to enter an establishment-preclusion order on the question of paternity because Dade willfully violated the court's order by providing false evidence. *County of Hennepin ex rel. Bartlow v. Brinkman,* 378 N.W.2d 790, 794–95 (Minn.1985).[6] Although the court could have imposed a lesser sanction, we perceive no abuse of discretion. Dade's conduct was especially egregious; he did not merely refuse to submit to blood testing, but attempted to provide false evidence to the court.[7]

AFFIRMED.

MOORE, J., not participating.

---

**3.** AS 25.20.050(d) provides in part:

The results of a blood test ... shall be admitted and weighed in conjunction with other evidence in determining the statistical probability that the putative parent is a legal parent of the child in question. However, a scientifically accepted procedure that establishes a probability of parentage at 95 percent or higher creates a presumption of parentage that may be rebutted only by clear and convincing evidence.

**4.** Had Dade complied with the discovery order, the presumption of parentage would have attached, because the statistical probability that he is the father is 95.45%.

**5.** Alaska R.Civ.P. 37(b)(2) provides in part:

If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

....

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination.

**6.** One in Dade's position might be entitled to relief from judgment under Civil Rule 60(b)(6) if he submits blood test results disproving paternity within a reasonable time. *Brinkman,* 378 N.W.2d at 794–95; *see also In re Reid,* 112 Misc. 294, 446 N.Y.S.2d 991, 995 (N.Y.Fam.1982) (defendant has one year to move to set aside default judgment of paternity).

**7.** Dade also argued that he was deprived of due process because the sanction precluded the presentation of evidence on the issue of paternity. This claim is meritless.

Civil Rule 37 expressly permits entry of establishment-preclusion orders. Dade does not al-

lege that the rule was violated nor that it was
unconstitutional. Dade received notice of the
proposed sanction and the opportunity to be

heard on the matter; therefore, Dade received
all the process due. *Thomas v. Fey,* 376 N.W.2d
266, 268 (Minn.App.1985).