Gerald ROHWEDER, Petitioner,

v.

FLEETWOOD HOMES OF OREGON, INC., Arctic Turn–Key Systems, Inc., George Miller, d/b/a George Miller Construction, Inc., and Corroon & Black, Inc., Respondents.

No. S–2521.

Supreme Court of Alaska.

Jan. 20, 1989.

demanding than the standard set forth in AS 25.20.110.

Douglas J. Marston, Aglietti, Pennington, Rodey & Offret, Fairbanks, for petitioner.

Ronald E. Noel, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for respondents.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

Rohweder sued the manufacturer, seller and installers of his mobile home, after the manufacturer's attempt at repairing it failed. Prior to trial, the trial court entered an order precluding Rohweder (1) from using documents Rohweder was ordered to produce, but did not produce; (2) from using information requested through interrogatories, but not furnished; (3) from maintaining his remedy of rescission against the manufacturer for failure to properly plead it or assert it in interrogatories; and (4) from giving hearsay testimony as to the cost of individual repair items.

As a result of the trial court's ruling, Rohweder was left virtually without a remedy. At the trial court's suggestion, Rohweder petitioned this court for review.[1] Trial was stayed pending resolution of the petition. We granted review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In mid–1984, Rohweder purchased from Arctic Turn–Key Systems, Inc. (Arctic) a mobile home manufactured by Fleetwood Homes of Oregon, Inc. (Fleetwood) and installed by Arctic and George Miller d/b/a George Miller Construction, Inc. (Miller). Several months after the installation, problems developed in the structure. Rohweder complained to Arctic and Fleetwood, but their subsequent efforts to resolve the problems did not satisfy him.

Rohweder sued the above parties, alleging four causes of action: (1) breach of duty to construct the home in a workmanlike manner; (2) misrepresentation that the home was constructed in a workmanlike manner, upon which Rohweder relied "to his detriment"; (3) misrepresentation of the adequacy of the construction of the home, upon which Rohweder relied, entitling him "to rescission and restitution of the contract for purchase"; (4) breach of an express warranty that the home would conform "to the purpose for which it was intended to be used." Rohweder prayed for damages or, alternatively, for rescission of the contract and restitution of the amount paid.

In February 1987 a pretrial order was entered that governed the course of pretrial preparation, including discovery, amendments to pleadings, pretrial motions and memoranda, and related matters. Discovery was to be completed by October 23, 1987. Jury trial was set for November 1987.

---

1. Rohweder did not seek review of the superior court's decision to bar hearsay testimony as to the cost of individual repair items.

Fleetwood's attempts to obtain discovery did not go smoothly. It served interrogatories[2] and requests for production[3] on Rohweder on February 11, 1987. Having received no response by April 6, Fleetwood mailed a letter to Rohweder requesting a prompt response to the discovery requests. By letter of April 16, Rohweder requested two weeks additional time to respond, but failed to do so within that period. On August 8, Fleetwood moved to compel discovery.[4]

Rohweder answered the interrogatories on August 17. Fleetwood later claimed in its pretrial memorandum that the answers were perfunctory. The trial court granted the motion to compel production on September 3, 1987. Because the interrogatories had been answered, the court drew a line through the order as it related to the interrogatories. The same day Rohweder filed a response to the production request in which he stated that "there are currently not any documents available at this time which fit the description of Defendant's request."

The answers to interrogatories provided little useful information. Answers to questions requesting specific information about an expert and the cost of additional repairs stated only the name of the expert, and that additional information would be furnished after the expert had inspected the home and made his report. The only direct expense reported was $110 in plumbing repairs. Question 3 and the answer to it are as follows:

3. List all damages which you intend to seek against Fleetwood Homes of Oregon, Inc. For these damages, please state the cause of the damage and the factual basis for the amount of damages which you are seeking.

Until our expert witness conducts a full study of the structure we will not be able to answer this question. As soon as a full study is completed, we will provide the results of said study.

Damages we seek to recover from Fleetwood Homes include but are not limited to:

1. Emotional damages
2. Damages for breach of contract
3. Damages for breach of warranty, both expressed and implied
4. Damages for negligence

Rohweder's expert still had not inspected the home when Rohweder's deposition was taken a week before the close of discovery. His engineer's report was not delivered to Fleetwood until November 2, three days before the pretrial conference.

In its November 3 pretrial memorandum, Fleetwood pointed out that Rohweder had never responded further to the order to compel production. This was despite the fact that Rohweder, submitted most of these documents for marking as exhibits on October 30. Fleetwood also maintained that answers to the interrogatories had not been supplemented and, as they stood, were evasive. Fleetwood requested that the trial court inquire into the matter of the failure of Rohweder to comply with discovery procedures and sanction Rohweder or his counsel under Civil Rule 37, in whatever manner was warranted. Fleetwood did not assert that Rohweder's conduct was willful, only that it was apparently willful.

In regard to the merits, Fleetwood admitted that it owed Rohweder what was promised in an express warranty given as part of the sale, but argued that the only implied warranty applicable was that found in the Uniform Commercial Code (UCC), AS 45.02.314. It further argued that since Rohweder failed to comply with the revocation of acceptance requirements of the

---

2. Alaska Civil Rule 33(a) provides in part:
   Any party may serve upon any other party written interrogatories to be answered by the party served....

3. Alaska Civil Rule 34(a) provides in part:
   Any party may serve on any other party a request (1) to produce and permit the party

making the request, or someone acting on his behalf, to inspect and copy, any designated documents....

4. Alaska Civil Rule 37(a) provides in part:
   A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery....

UCC, AS 45.02.608, rescission was not an available remedy.

Fleetwood did not claim in its pretrial memorandum that it was uncertain as to the *remedies* sought by Rohweder. Nor did Fleetwood argue that because Rohweder had failed to include rescission as a *damage* in his interrogatory answer, rescission was not an appropriate remedy.

During the pretrial conference held November 5, the trial court entered a preclusion order, memorialized in a formal order, which held *inter alia* as follows:

4. Any documentation which was requested in a motion to compel production and not produced will not be used at trial.

5. Any information requested in interrogatories and not furnished in answers to interrogatories will not be testified to at trial.

6. Rescission will not be allowed as a claim against the manufacturer, and because of a failure by the plaintiff to list a claim for rescission as a damage claim in response to Question Three of defendant Fleetwood Homes' interrogatories.

7. The testimony as to repairs made which are claimed to be the responsibility of Fleetwood Homes will be limited to $110.00, unless plaintiff Gerald Rohweder has testified to other damages and repairs in his deposition.

Neither the transcript of the proceedings furnished herein nor the order recite any underlying facts which provide a basis for the order. The trial court urged Rohweder to see if these rulings could be reviewed on petition to this court, in order to save the parties costs.

For all practical purposes, the order limited Rohweder's damages to $110, and his remedy to reimbursement in that amount.

## II. DISCUSSION

### A. CIVIL RULE 37(b) SANCTIONS

Section 4 of the court's preclusion order provided: "Any documentation which was requested in a motion to compel production and not produced will not be used at trial." The apparent legal basis for this section of the order is Civil Rule 37(b). Civil Rule 37(b) provides in part:

If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claim or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; ...

Although the trial court did not specify that Civil Rule 37(b) was the basis for this section of the preclusion order, Fleetwood urged that Rohweder or his counsel, if warranted, be sanctioned in accordance with Civil Rule 37. We assume that the trial court proceeded accordingly.

Discovery sanctions allow a court to enforce its discovery orders. *Hawes Firearms Co. v. Edwards*, 634 P.2d 377, 378 (Alaska 1981). Trial courts are vested "with broad discretion as to the choice of sanction in a given situation." *Id.* (quoting *Oaks v. Rojcewicz*, 409 P.2d 839, 844 (Alaska 1966). Thus, sanctions imposed under Civil Rule 37(b) are set aside only if the trial court has abused its discretion. *Honda Motor Co. v. Salzman*, 751 P.2d 489, 492 n. 7 (Alaska 1988), *cert. dismissed,* — U.S. —, 109 S.Ct. 20, 101 L.Ed.2d 972 (1988). Before sanctions are appropriate, "[w]illfulness, in the sense of a conscious intent to impede discovery, and not mere delay, inability or good faith resistance, must be demonstrated." *Id.* at 492 (quot-

ing *Hawes Firearms Co. v. Edwards*, 634 P.2d 377, 378 n. 2 (Alaska 1981)). Where discoverable documents are withheld, the burden of showing that noncompliance was not willful shifts to the party from whom discovery was sought. *Hawes Firearms Co.*, 634 P.2d at 378.

■ We conclude that section 4 of the trial court's preclusion order was not an abuse of discretion. The trial court implicitly found that Rohweder did not meet his burden of showing that his failure to comply with the trial court's order compelling production of the documents was not willful.[5]

Rohweder was on notice that discovery was to close on October 23, 1987. Production was initially requested in February. Rohweder did not acknowledge the request until April, at which time he sought a two-week extension within which to comply. He then failed to provide any discovery until after Fleetwood sought an order to compel in August. Rohweder never did produce the documents, even after the order to compel was entered. Further, Rohweder never explained why his initial counsel failed to comply with Fleetwood's request or the trial court's order. Based on the above and Rohweder's failure to meet his burden of showing non-willfulness, the trial court could conclude, as it implicitly did, that Rohweder had a "conscious intent to impede discovery." *Honda Motor Co.*, 751 P.2d at 492 (citations omitted). Thus, we conclude the trial court did not abuse its discretion in sanctioning Rohweder.

■ Rohweder's contention that his conduct was not willful because he changed counsel on October 1 is not well taken.

Rohweder's new counsel was notified on October 14 that the documents had not been produced.[6] After being given notice three weeks before trial that he had not complied, Rohweder still failed to produce the documents. Rohweder never sought an extension for discovery after being notified of his noncompliance. It was within the trial court's discretion to find that Rohweder's change of counsel did not mitigate his noncompliance.

Although the instant case is not as egregious as *Hawes Firearms Co.* or *Honda Motor Co.*, we do not view the trial court's actions as inappropriate. The trial court must be allowed to enforce its discovery orders with sanctions tailored to fit the circumstances. Only by allowing the trial court to exercise its discretion can we assure that discovery will remain a useful litigation tool. *Hawes Firearms Co.* and *Honda Motor Co.* do not establish minimums below which preclusion orders are to be held an abuse of discretion as a matter of law.

### B. CIVIL RULE 37(d) SANCTIONS

■ Section 5 of the court's preclusion order provided: "Any information requested in interrogatories and not furnished in answers to interrogatories will not be testified to at trial." Rule 37(d) provides *inter alia* that "[i]f a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders as are just, and among others it may take any action authorizing (sic) under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule."[7] Although

---

5. The three types of documents Rohweder was asked to produce are as follows:
   1. All documents which you believe reflect in any way damages which you are seeking in connection with this lawsuit.
   2. All documents which reflect repairs of any kind which have been done to the mobile home since you purchased it.
   3. Copies of any settlement documents which you have obtained in connection with settlement with any of the other co-defendants.

6. Rohweder's new counsel contended that the previous counsel, a member of the same law firm, had told him that the documents had been produced. He assumed that Rohweder was in compliance with Judge Blair's September 4 order.

7. Subdivision (b)(2) of Rule 37 provides among others the following possible sanctions:
   (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

the trial court did not specify that Civil Rule 37(d) was the basis for section 5 of the preclusion order, Fleetwood urged that Rohweder or his counsel, if warranted, be sanctioned in accordance with Civil Rule 37. We assume that the trial court proceeded accordingly.

Testimony can be precluded under Civil Rule 37(d) for failure to answer each interrogatory separately and fully. *See Yukon Equip., Inc. v. Gordon,* 660 P.2d 428, 432 (Alaska 1983). We conclude that the trial court did not abuse its discretion in the instant case by precluding testimony not furnished in response to interrogatories.

Rohweder answered the interrogatories perfunctorily in August after Fleetwood sought a motion to compel. He deferred specific details regarding the cause and factual basis for the amount of damages sought until his expert witness had inspected the mobile home. Rohweder also failed to adequately respond to Fleetwood's expert witness interrogatory. Prior to the close of discovery Fleetwood notified Rohweder that the answers were incomplete, Rohweder still did not supplement his responses. He failed to make the experts listed in his interrogatory answers available before discovery closed. Rohweder was clearly on notice that discovery closed on October 23.

Based on the above facts, the trial court could reasonably conclude that Rohweder did not fully answer Fleetwood's interrogatories regarding damages and expert witnesses.

## C. RESCISSION

The thrust of Rohweder's argument regarding maintenance of his rescission claim is that under notice pleading, his averments regarding this remedy are sufficient. He cites Alaska Civil Rule 8, which provides *inter alia:*

(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

. . . .

(e) Pleading to Be Concise and Direct—Consistency.

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required.

. . . .

(f) Construction of Pleading. All pleadings shall be so construed as to do substantial justice.

■ Rohweder's Fourth Cause of Action explicitly pled breach of an express warranty, thereby putting Fleetwood on actual notice of his claim. His failure to mention the rescission remedy in his response to the damages interrogatory should not prejudice him. Fleetwood does not address this particular aspect of the trial court's order or Rohweder's argument. Moreover, from Fleetwood's pretrial memorandum it is clear that it was cognizant of the basis for the rescission remedy. Indeed, Fleetwood asserts that it pled Rohweder's failure to comply with AS 45.02.608 as an affirmative defense to a rescission remedy.

■ The trial court abused its discretion in precluding Rohweder from pursuing a rescission remedy. First, the basis for doing so was that Rohweder did not plead rescission as a "damage." Rescission is a remedy, not a damage. *See,* D. Dobbs, *Handbook on the Law of Remedies,* 14–25 (1973). Second, Fleetwood asked for no such relief. Third, Rohweder's pleadings and Fleetwood's admitted knowledge of

(B) An order refusing to allow the disobedient party to support or oppose designated claim or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

pursuit of this remedy for breach of an express warranty negate any notion that Fleetwood would be surprised.

## III.  CONCLUSION

For the above reasons, we AFFIRM the sanction imposed on Rohweder for failure to comply with the order compelling discovery.  However, we REVERSE the order precluding Rohweder's rescission remedy, and REMAND for further proceedings consistent with this opinion.