Kristen McGILVARY; Royal Highway Tours, Inc., an Alaska corporation; Tour Alaska, Inc., a Washington Corporation, dba Princess Tours, Petitioners,

v.

Betty HANSEN and Clarence Hansen, Respondents.

No. S-6429.

Supreme Court of Alaska.

June 30, 1995.

David F. Leonard and Marcus R. Clapp, Law Offices of Marcus R. Clapp, Fairbanks, for petitioners.

Gary Foster, Call Barrett & Burbank, Fairbanks, for respondents.

Before MOORE, C.J. and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

EASTAUGH, Justice.

The trial court struck petitioners' answer to the Hansens' personal injury complaint and imposed liability as a discovery sanction because petitioners inaccurately answered an interrogatory and untimely provided the names of the passengers riding in petitioners' tour bus when Betty Hansen was injured.

We vacate the sanction on review.

## I. FACTS AND PROCEEDINGS

Betty and Clarence Hansen were passengers on a tour bus driven by Kristen McGilvary and operated by Princess Tours in June 1993. The bus was on a Fairbanks city tour. It struck a frost heave in the road, injuring Betty Hansen. She and Clarence sued McGilvary, Royal Highway Tours, Inc., Tour Alaska, Inc., and Princess Tours, (collectively "Princess") in September 1993.

In a written interrogatory, the Hansens asked Princess to give the names, addresses and telephone numbers of the passengers on the bus. Princess' sworn December 1, 1993 interrogatory answer asserted Princess "does not have a specific detailed passenger list with addresses." The answer stated that Princess had compiled a list of passengers who travelled the city tour the day of the

accident, and that the list included all passengers, not just the passengers on the bus on which the Hansens were travelling. "There is no record of which passengers were on an individual coach." The list of all passengers was attached to the interrogatory answer. The list contained 164 names.

Shortly before Princess served its interrogatory answer, the court entered a pretrial order which set trial for the week of June 20, 1994, set an April 15 deadline for exchange of witness lists and set a May 20 deadline for close of discovery.

On February 2, 1994, the Hansens' attorney took the depositions of McGilvary and Julie Verd, Princess' manager of fleet safety and training. They testified that a "trip envelope" was kept for each bus tour, and that the envelope contained vouchers for the passengers on each bus tour. The vouchers revealed the passengers' names. After Verd's deposition, Verd returned to her office and found the trip envelope for the Hansens' bus tour. The envelope and the vouchers were served on Hansens' counsel on February 9.

The Hansens had previously moved for sanctions as a result of other alleged Princess discovery violations. Following the McGilvary and Verd depositions, the Hansens supplemented their existing sanctions motion with an argument that Princess had willfully failed to identify the passengers on the Hansens' bus and had consequently misrepresented the facts when it stated in its December 1 interrogatory answer "there is no record of which passengers were on an individual coach." The Hansens argued the response was "willfully inaccurate and incomplete." They argued that the discovery violation justified imposition of liability as a sanction. In response, Princess offered the affidavit of Kelly Boudreau.[1]

Witness lists were exchanged April 15 and discovery closed May 20, per the pretrial order. On June 9, eleven days before trial was to begin, the trial court considered the sanctions motion and stated:

With respect to the motion to strike or to indicate there's liability on the part of the Defense for the injury to the Plaintiffs in the case, the … [Court is] persuaded based on the pleadings that it was a willful failure to provide the names of the bus passengers, and therefore the Court strikes both the answer as well as the issue concerning any comparative negligence.

Princess filed this petition for review of the order striking the answer. Alaska R.App.P. 402(a). The trial was continued pending review.

## II. *IMMEDIATE REVIEW*

■ We grant review of the sanction order under Alaska Rule of Appellate Procedure 402(b)(1) and (3), because postponement of review until a final judgment is entered may needlessly delay resolution of this case and because the sanction order departs from the accepted and usual course of proceedings with respect to discovery violations.

## III. *DISCUSSION*

■ The standards for imposing the sanction of liability for a discovery violation have been developed in a series of cases, and are "well settled" in Alaska.[2] *Underwriters at*

1. Kelly Boudreau was a claims administrator in the Seattle office of Princess Tours. He explained in his affidavit that he had provided the responses to the Hansens' interrogatories and requests for production and that his responses were made to the best of his knowledge and available information and were based on his own knowledge as well as information he received through discussion with other individuals in Princess' Seattle and Fairbanks locations. He explained that he was not always intimately familiar with the specific materials that might be available in division offices and relied on others to provide information. He had not been aware that passenger vouchers had been retained from that bus trip or were kept in any trip envelope, although he had made an effort to obtain assistance from people in the Seattle and Fairbanks offices in order to respond to the Hansens' request for names, addresses and telephone numbers of all passengers on the Hansens' bus trip. He stated that he had "not consciously or unconsciously attempted to hide any information which has been requested by the plaintiffs. I have made an honest attempt to locate all information that might relate to the discovery requests and provide it as soon as practicable."

2. We apply our independent judgment to decide the legal issue of whether Civil Rule 37(b)(2) applies to a given fact situation. Assuming the trial court has authority to impose the sanction

*Lloyd's, London,* 846 P.2d 118, 119 (Alaska 1993). We recently recognized that our cases "clearly and narrowly define the permissible range within which a trial court may impose litigation ending sanctions...." *Hughes v. Bobich,* 875 P.2d 749, 752 (Alaska 1994).

In *Underwriters* we wrote:

The law on Rule 37 sanctions in Alaska is well settled. Issue establishment under Rule 37(b), that is, conclusively resolving an issue against a party who does not comply with discovery orders, is an "extreme sanction which should be used only in extreme cases." *Otis Elevator Co. v. Garber,* 820 P.2d 1072, 1074 (Alaska 1991). For this reason, the trial court must find that the non-complying party "willfully" violated the discovery order in question. *Alaska Trams Corp. v. Alaska Elec.. Light & Power,* 743 P.2d 350, 354 (Alaska 1987), *cert. denied,* 485 U.S. 905, 108 S.Ct. 1077, 99 L.Ed.2d 236 (1988). "Willfulness" is defined as the "conscious intent to impede discovery, and not mere delay, inability or good faith resistance." *Hawes Firearms Co. v. Edwards,* 634 P.2d 377, 378 (Alaska 1981). We have held that before a court may impose litigation ending sanctions for discovery violations the record must clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal. *Sandstrom & Sons, Inc. v. State,* 843 P.2d 645 (Alaska 1992). Finally, the sanction must be "sufficiently related" to the discovery violation. *Honda Motor Co. v. Salzman,* 751 P.2d 489, 493 (Alaska 1988). We must determine "if the established issue is an 'element of the dispute that cannot be determined on the merits without disclosure of the evidence the court has ordered the party to produce.'" *Id.* (quoting *Hazen v. Municipality of Anchorage,* 718 P.2d 456, 460 (Alaska 1986)).

*Underwriters,* 846 P.2d at 119–20.

■ The sanctions imposed in this case were entered in error and consequently must be vacated.

It was an abuse of discretion to impose the sanction of liability because the trial court failed to consider any lesser sanction or remedy. Alternatives would have included an opportunity to amend the witness list and take additional depositions, a continuance, and an award of actual or partial costs resulting from the discovery violation.

It does not appear that the discovery error, once corrected, gravely prejudiced the Hansens. The requested information, although produced approximately two months late, was nonetheless revealed before witness lists were exchanged and discovery closed. Especially given the availability of other lesser sanctions and remedies, the liability sanction was disproportionately severe in comparison with the potential prejudice to the Hansens. Further, notwithstanding disputes about Princess' good faith in responding to this and other discovery, the record before us and the trial court's comments when imposing the sanction do not reveal such egregious conduct by Princess that the liability sanction could be considered appropriate punishment.

Given these reasons for vacating the sanction, it is not necessary to consider other arguments advanced by Princess for setting aside the sanction. It is consequently not necessary to decide whether the trial court clearly erred in finding "willfulness."

## IV. CONCLUSION

We VACATE the sanction order which struck defendants' answer and REMAND for further proceedings.

---

of liability-establishment in a particular case, we review for abuse of discretion the imposition of that sanction. *Underwriters at Lloyd's, London v. The Narrows,* 846 P.2d 118, 119 (Alaska 1993); *Oaks v. Rojcewicz,* 409 P.2d 839 (Alaska 1966). We have noted that litigation-ending sanctions are disfavored and that the trial court's discretion to impose such sanctions is narrowly limited to extreme situations. *Hughes v. Bobich,* 875 P.2d 749, 752 (Alaska 1994). We apply a clearly erroneous standard in reviewing the trial court's findings of fact. Alaska R.Civ.P. 52(a).